[No. A037759. First Dist., Div. Three. Mar. 30, 1989.]

SALIBA GHORY, Plaintiff and Appellant, v.
ISSA AL-LAHHAM et al., Defendants and Respondents.

COUNSEL

Ramon Yuen-Garcia for Plaintiff and Appellant.

Wolff & Wolff and Harry K. Wolff, Jr., for Defendants and Respondents.

OPINION

**BARRY-DEAL, J.**—The Labor Commissioner awarded appellant Saliba Ghory overtime and penalty wages from respondents Issa and Nicola Al-Lahham, individually, and collectively doing business as Lahham Service Center and as Millbrae Mobil, his former employers. After a hearing

pursuant to Labor Code section 98.2, the trial court ordered entry of judgment in favor of respondents.[1] Because the trial court did not apply the controlling law to the facts, we must reverse and remand with directions to enter judgment in favor of appellant.

## Background

The facts are undisputed. Appellant worked for respondents as a gas station attendant beginning on June 1, 1982, at a rate of pay of $1,000 per month. Respondent Issa Al-Lahham told appellant that the monthly salary was intended to cover both regular pay and overtime. Appellant worked 10 hours a day Monday through Friday and 9 hours on Saturday. His compensation was increased to $1,080 per month on June 1, 1983. Commencing on June 1, 1984, appellant no longer worked on Saturdays, and his compensation was reduced to $1,000 per month.

Appellant voluntarily quit his job on April 5, 1985. On April 9, he filed a claim with the Labor Commissioner for overtime compensation and for penalty wages under section 203. After a hearing, the Labor Commissioner issued an order and decision finding appellant entitled to overtime wages of $26,477.65 and penalty wages of $1,604.10.

Pursuant to section 98.2, respondents sought a de novo review in the superior court. At the hearing, in an effort to establish that appellant had been adequately compensated for his work, respondents introduced into evidence a chart retroactively allocating the salary paid to straight and overtime hours, with at least minimum wage allocated for all straight time. The trial court stated that appellant's position on the law was probably correct, but expressed concern about the fairness of applying that law to the facts of this particular case. The court stated in part, "[T]hey both knew what the pay was going to be. It was going to be $1,000 a month. Nobody talked about overtime, straight time, anything. They had this agreement and that was what I see both from the evidence and from my own knowledge, that seemed like a fair wage."

In its memorandum decision, the court stated in part: "This court finds that there was a valid agreement between the parties for a salary for a certain number of hours worked. This salary was not broken down into an hourly wage and there was no agreement to waive overtime, which would have been void as against public policy, by applicable statutes. [¶] The court finds [respondents'] approach of retroactively breaking down the salary into straight time and overtime on an hourly basis and showing that [appellant]

---

[1] All further statutory references are to the Labor Code unless otherwise indicated.

was properly compensated (see [respondents'] Exhibit 'C') to be the better resolution of this dispute."

Thereafter, the trial court entered judgment in favor of respondents, and appellant filed a timely notice of appeal.

*Appellant's Entitlement to Overtime*

Appellant contends he is entitled to overtime compensation of $18,968.21 for hours worked in excess of eight hours per day or forty hours per week.[2] We agree.

The California Industrial Welfare Commission (IWC) is authorized to promulgate orders regulating wages, hours, and conditions of employment for employees throughout the state. (§§ 1173, 1182; see *Alcala* v. *Western Ag Enterprises* (1986) 182 Cal.App.3d 546, 548, fn. 1 [227 Cal.Rptr. 453].) Wage order No. 7-80 is applicable to the mercantile industry, and provides in pertinent part in subdivision 3(A) that employees "shall not be employed more than eight (8) hours in any workday or more than forty (40) hours in any workweek unless the employee receives one and one-half (1½) times such employee's regular rate of pay for all hours worked over forty (40) hours in the workweek." (Cal. Code Regs., tit. 8, § 11070, subd. 3(A).) "Absent an *explicit, mutual* wage agreement, a fixed salary does not serve to compensate an employee for the number of hours worked under statutory overtime requirements. [Citations.]" (*Hernandez* v. *Mendoza* (1988) 199 Cal.App.3d 721, 725-726 [245 Cal.Rptr. 36], fn. omitted.)

"[T]he law governing the appropriate method of calculating overtime wages [under wage order No. 7-80] is contained in *Skyline Homes, Inc.* v. *Department of Industrial Relations* (1985) 165 Cal.App.3d 239 [211 Cal.Rptr. 792] [citation]." (*Hernandez* v. *Mendoza, supra,* 199 Cal.App.3d at p. 728.) At issue in *Skyline* was an identical provision of a wage order applicable to the manufacturing industry, as interpreted by the agency authorized to administer and enforce IWC wage orders, the Department of Industrial Relations, Division of Labor Standards Enforcement (DLSE). According to the DLSE, the wage order requires that when calculating overtime compensation due a salaried employee, his or her " 'regular rate of pay' " must be computed by dividing the total weekly salary by no more than 40 hours, regardless of the number of hours actually worked. Overtime hours are not to be used in computing the " 'regular rate of pay.' " (*Skyline Homes, Inc.* v. *Department of Industrial Relations* (1985) 165 Cal.App.3d 239, 245 [211 Cal.Rptr. 792].)

---

[2] The amount which appellant now seeks is apparently based on the trial court's finding that he worked 10 hours per day on Monday through Friday, and 9 hours on Saturday.

The *Skyline* court upheld the DLSE's interpretation of the order and rejected the employer's argument that the fluctuating workweek method of calculation should be used to establish the employee's " 'regular rate of pay.' " The court reasoned that the DLSE's interpretation was compatible with IWC intent in promulgating the order. As additional support for its conclusion, the court noted that because the DLSE is the agency charged with interpreting IWC intent, "[t]he DLSE's interpretation is entitled to great weight and under established principles of statutory construction, unless it is clearly unreasonable, it will be upheld. [Citation.]" (*Skyline Homes, Inc.* v. *Department of Industrial Relations, supra,* 165 Cal.App.3d at p. 249.)

Respondents read the quoted language from *Skyline* to mean that a trial court has discretion to depart from the DLSE's interpretation of the wage order when the trial court determines that under the particular facts of a case, application of the order as construed by that agency would be "clearly unreasonable," or unfair. Respondents' analysis of the excerpt from *Skyline* is unsound. That language is simply a paraphrase of the settled rule that the contemporaneous administrative construction of a statute by an administrative agency charged with its enforcement and interpretation is entitled to great weight unless it is clearly erroneous or unauthorized. (See, e.g., *Wilkinson* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 491, 501 [138 Cal.Rptr. 696, 564 P.2d 848].) That rule cannot be read to bestow upon a trial court the discretion to ignore the wage order as construed not only by the DLSE, but also by the *Skyline* court itself. As a lower court, the trial court in this case was obligated to follow the method of calculating overtime wages due appellant which was set forth in *Skyline* and approved in *Hernandez* v. *Mendoza, supra,* 199 Cal.App.3d 721. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

Respondents also urge that the trial court's decision was correct because appellant and respondents agreed to a specific salary for a certain number of hours worked. We have already stated the general rule that a fixed salary for an irregular workweek does not compensate an employee for statutory overtime work unless the parties have entered into an explicit, mutual wage agreement. (*Hernandez* v. *Mendoza, supra,* 199 Cal.App.3d at pp. 725-726; *Alcala* v. *Western Ag Enterprises, supra,* 182 Cal.App.3d at pp. 549-551, both citing *Brennan* v. *Elmer's Disposal Service, Inc.* (9th Cir. 1975) 510 F.2d 84.) The exception to that general rule requires an agreement which specifies the basic hourly rate of compensation upon which the guaranteed salary is based before the work is performed, and the employee must be paid at least one and one-half times the agreed-upon rate for hours in excess of forty. (See *Brennan, supra,* at p. 86, fn. 1 and accompanying text.) In this case, the trial court explicitly found that there was no agreement as to the

hourly or basic rate of compensation; therefore, the parties' agreement was not sufficient to exempt them from the *Skyline* method of computing the overtime wages due appellant.

■ Again focusing on the agreement, respondents also assert that because the parties agreed to the days and hours of employment, the equitable defense of unjust enrichment should preclude appellant's recovery of overtime compensation. The argument is without merit. Principles of equity cannot be used to avoid a statutory mandate. (*Estate of McInnis* (1986) 182 Cal.App.3d 949, 958 [227 Cal.Rptr. 604].) Section 1194 explicitly provides: "Any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to such employee is entitled to recover in a civil action the unpaid balance of the full amount of such minimum wage or overtime compensation, together with costs of suit, *notwithstanding any agreement to work for a lesser wage.*" (Italics added.)

### Penalty Wages

■ The Labor Commissioner found that respondents owed appellant penalty wages because their failure to pay appellant his earned wages after termination was willful within the meaning of section 203. In this appeal, appellant claims entitlement to penalty wages of $1,909.20.[3]

Section 203 provides in pertinent part: "If an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of such employees [*sic* ] shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but such wages shall not continue for more than 30 days. . . ." ■ ■■ ■■ As used in section 203, "willful" means that the employer intentionally failed or refused to perform an act which was required to be done. (*Barnhill* v. *Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 7 [177 Cal.Rptr. 803]; *Davis* v. *Morris* (1940) 37 Cal.App.2d 269, 274 [99 P.2d 345].)[4] Respondents do not separately address the question of appellant's entitlement to penalty wages. We interpret respondents' silence on the issue as tacit recognition that if appellant is entitled to overtime compensation, he is entitled to penalty wages as well; and that the amount claimed by appellant is accurate.

---

[3] Appellant does not explain the discrepancy between the $1,604.10 in penalty wages which he was awarded by the Labor Commissioner and $1,909.20 which he now seeks, but it appears that the commissioner's award was incorrectly computed.

[4] The filing of appellant's wage claim with the Labor Commissioner four days after he quit his job did not constitute the commencement of an action within the meaning of section 203. (*Triad Data Services, Inc.* v. *Jackson* (1984) 153 Cal.App.3d Supp. 1, 12 [200 Cal.Rptr. 418].)

*Conclusion*

In summary, the trial court erred when it concluded that appellant was not entitled to overtime compensation. Based on the court's finding that appellant worked 10 hours a day Monday through Friday, and 9 hours a day on Saturday, appellant claims that he is entitled to overtime compensation of $18,968.21, and to penalty wages of $1,909.20. As respondents do not dispute appellant's calculations with respect to either amount, we will reverse the judgment with directions to enter judgment in favor of appellant for that amount.

The judgment is reversed, and the trial court is ordered to enter judgment awarding appellant overtime wages of $18,968.21 and penalty wages of $1,909.20. Appellant is also entitled to costs and reasonable attorney fees on appeal. (Lab. Code, § 98.2, subd. (b).)

White, P. J., and Strankman, J., concurred.