101 Cal.Rptr.2d 146 (2000)
84 Cal.App.4th 683
Chris LOLLEY, Plaintiff and Appellant,
v.
Shawn CAMPBELL, Defendant and Respondent.
No. B136276.
Court of Appeal, Second District, Division Six.
October 31, 2000.
Review Granted January 30, 2001.
*147 Division of Labor Standards Enforcement, Department of Industrial Relations, William A. Reich, Staff Counsel, Ventura, for Plaintiff and Appellant.
Law Offices of James L. Spencer, Ventura, for Defendant and Respondent.
Paul, Hastings, Janofsky & Walker, Paul Grossman, Patricia M. Berry, Los Angeles, for California Employment Law Council as Amicus Curiae on behalf of Defendant and Respondent.
COFFEE, J.
Chris Lolley appeals from an order of the trial court denying his request for attorney's fees following a trial de novo of a wage dispute with his former employer. The trial court concluded that Labor Code section 98.2 did not authorize the award of fees because appellant was represented by the Labor Commissioner free of charge and had not incurred any fees.[1] We affirm.

Factual and Procedural Background
Appellant filed a claim with the Labor Commissioner against his former employer, respondent Shawn Campbell, doing business as Tri-County Builders Supply, seeking to recover unpaid overtime wages and waiting time penalties. (§ 203.) Following a hearing, the hearing officer awarded appellant $19,476.80 in wages and $7,067.33 in penalties, plus interest.
Respondent timely appealed to the superior court, seeking a trial de novo. (§ 98.2.) Appellant, who had previously represented himself, requested legal representation by the Labor Commissioner pursuant to section 98.4. The Labor Commissioner agreed to represent him through one of its attorneys. In conjunction with that agreement, appellant assigned to the Labor Commissioner all attorney's fees recoverable in the de novo proceedings.
Following the trial de novo, the trial court entered a judgment in favor of appellant awarding him most of the unpaid overtime wages he had sought ($14,413.71), plus interest and penalties. Thereafter, appellant filed a memorandum of costs and supporting declaration requesting an award of $6,600 in attorney's fees to be used to pay the Labor Commissioner for the legal services it had rendered.[2]
*148 Respondent moved to tax or strike the costs on the grounds that (1) appellant had not incurred any attorney's fees, a statutory condition precedent to recovery under section 98.2; (2) an award of such fees would constitute an unauthorized penalty; (3) the statutory scheme provides that only a party may recover fees and the Labor Commissioner was not a party to the action; and (4) the amount requested was unreasonable. Alternatively, respondent argued that if fees were allowable, they should be calculated on the basis of the actual hourly costs of the salaries paid to the Labor Commissioner's attorneys ($27.02 to $36.78 per hour) and not on the basis of the prevailing market rates in the private sector.
Following a hearing, the trial court granted respondent's motion to strike and refused to award attorney's fees. The court concluded that the phrase "reasonable attorney's fees incurred by the other parties" in section 98.2 was intended to limit a party's recovery to fees actually paid. Because appellant had not personally paid nor was he obligated to pay fees to the Labor Commissioner, the court concluded that the statute did not authorize an award of fees to compensate the Labor Commissioner for legal services rendered.

Discussion
Appellant contends the trial court interpreted section 98.2 too narrowly and erroneously concluded an award of attorney's fees was not authorized. We disagree.
It is well settled that a party to a civil action is not entitled to recover attorney's fees unless such recovery is specifically provided by statute or agreement between the parties. (Code Civ.Proc, § 1021.) Under Labor Code section 98.4, the Labor Commissioner is authorized to represent a claimant financially unable to afford counsel in a de novo proceeding in superior court. Where the claimant seeks to uphold the amount awarded in the administrative proceedings and does not challenge any part of the award in the de novo proceedings, the Labor Commissioner is statutorily required to represent the claimant.[3] The Labor Commissioner does not charge the claimant for its legal services and section 98.4 does not authorize the collection of attorney's fees by the Labor Commissioner in connection with its representation.
Section 98.2 provides that if an employer, after an administrative hearing before a deputy labor commissioner, desires further review, the employer is entitled to file an appeal either in the municipal or superior court where the matter will be heard de novo. Regarding attorney's fees, the statute provides in subdivision (b): "If the party seeking review by filing an appeal to the justice, municipal, or superior court is unsuccessful in the appeal, the court shall determine the costs and reasonable attorneys' fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal." (Italics added.) Because the Labor Commissioner represents the claimant in the de novo proceedings free of charge, the question presented is whether a successful claimant has "incurred" fees within the meaning of subdivision (b) as a result of the representation.[4]
*149 In interpreting section 98.2, subdivision (b), we ascertain the Legislature's intent in order to effectuate the law's purpose and look at the statute's words to give them their usual and ordinary meaning. "`The statute's plain meaning controls the court's interpretation unless its words are ambiguous. If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent.'" (White v. Ultramar, Inc. (1999) 21 Cal.4th 563, 572, 88 Cal.Rptr.2d 19, 981 P.2d 944; City of Carmel-By-The-Sea v. Board of Supervisors (1986) 183 Cal.App.3d 229, 255, 227 Cal.Rptr. 899 ["if no ambiguity, uncertainty, or doubt about the meaning of a statute appears, the provision is to be applied according to its terms without further judicial construction"].)
The Legislature enacted section 98.2 to provide a speedy method by which wage earners could determine their rights to wages and penalties, while at the same time affording due process to employers and a procedure for appeal. "As a corollary to the foregoing, by enacting section 98.2, subdivision (b), the Legislature has also provided a means to discourage meritless and unwarranted appeals by assessing costs and attorneys' fees against unsuccessful appellants." (Dawson v. Westerly Investigations, Inc. (1988) 204 Cal.App.3d Supp. 20, 24, 251 Cal.Rptr. 633, italics omitted.) Notwithstanding the general purpose to discourage meritless appeals, the Legislature expressly limits the amount of attorney's fees that can be assessed against an unsuccessful appellant under subdivision (b) to those "incurred" by the opposing party. The terms of the statute are not ambiguous and plainly require the opposing party to incur fees. As the trial judge pointed out below, the dictionary definition of "incur" is to "become liable or subject to." (Webster's 3d New Internat. Diet. (1981) p. 1146.) Because appellant was not obligated to pay attorney's fees to the Labor Commissioner, the trial court did not err in striking appellant's memorandum of costs.
Significantly, section 98.2, subdivision (h), provides that the Labor Commissioner shall make every reasonable effort to ensure that judgments for wages owed are satisfied, "including taking all appropriate legal action and requiring the employer to deposit a bond...." Under section 98.2, subdivision (i), the Labor Commissioner is expressly authorized to recover "costs and reasonable attorney fees for enforcing the judgment which is rendered pursuant to this section." (Italics added.) Had the Legislature intended the Labor Commissioner to be compensated for services rendered in a de novo proceeding prior to obtaining a judgment, it is evident the Legislature would have expressly provided for such compensation in subdivision (b).
The authorities cited by appellant are inapposite. We reject his analogy to cases upholding an award of attorney's fees under different statutes where the prevailing party is represented free of charge by a legal services organization. For example, in Folsom v. Butte County Assn. of Governments (1982) 32 Cal.3d 668, 186 Cal. Rptr. 589, 652 P.2d 437, plaintiffs were represented by attorneys from several private legal service agencies funded primarily with public funds. The Supreme Court held that attorney's fees were properly awarded under Code of Civil Procedure section 1021.5, the private attorney general doctrine. (Id. at pp. 681-683, 186 Cal. Rptr. 589, 652 P.2d 437.) Folsom did not involve a public entity which is specifically precluded from receiving an award of attorney's fees under section 1021.5. (See, e.g., City of Carmelr-By-the-Sea v. Board of Supervisors, supra, 183 Cal.App.3d at p. 255, 227 Cal.Rptr. 899 [city not entitled to attorney's fees under Code Civ.Proc. § 1021.5, which provides for allowances against, but not in favor of, public entities].)
Similarly, in In re Marriage of Ward (1992) 3 Cal.App.4th 618, 4 Cal.Rptr.2d 365, the appellate court upheld an award of attorney's fees to a party in a child support *150 proceeding made payable to a volunteer legal services organization. Among other things, the Court of Appeal reasoned that Civil Code former sections 4370 and 4370.5 authorized an award of fees reasonably necessary for the cost of maintaining or defending the proceeding, the statutes did not require a party to establish any underlying private obligation to pay attorney's fees, the award would promote continuation of work on the client's case, and it would enable the legal services organization to expand its indigent services. (See also Beverly Hills Properties v. Marcolino (1990) 270 Cal.Rptr. 605, 221 Cal.App.3d Supp. 7 [attorney's fees properly awarded in unlawful detainer action under Civ.Code § 1717 in favor of tenant represented by a legal services organization].)
In Board of Education v. Commission on Professional Competence (1980) 102 Cal.App.3d 555, 162 Cal.Rptr. 590, a teacher obtained an award of attorney's fees under Education Code former section 13413 which authorized an award of attorney's fees "incurred by the employee." The appellate court upheld the award even though the teacher's fees had been paid by the California's Teacher's Association to which the employee belonged and paid dues. The court reasoned that the teacher satisfied the statutory requirement of incurring legal fees by paying dues for future representation. "The teacher-member hopes he will never be required to utilize the attorney he voluntarily pays for just as one who bears the costs of fire insurance premiums trusts he will never be forced to collect on the policy. In both situations the party has paid in advance for later benefits if needed." (Id. at p. 564,162 Cal.Rptr. 590.)
The policy concerns expressed in the above cases are not present here where a governmental entity fulfills its statutory obligation to represent a claimant and no statute specifically authorizes it to receive attorney's fees for doing so. Further, although in Ghory v. Al-Lahham (1989) 209 Cal.App.3d 1487, 257 Cal.Rptr. 924, the appellate court held that the employee was entitled to attorney's fees under section 98.2, there is no indication in that case the employee was represented by the Labor Commissioner.
Finally, we observe that both sides to this appeal have raised valid policy concerns as to whether the Labor Commissioner should be awarded attorney's fees for representing an employee in de novo proceedings pursuant to section 98.2, subdivision (b). Appellant argues that precluding such an award will defeat the statutory purpose underlying section 98.2 by encouraging, rather than discouraging, employers to pursue meritless appeals of wage claim disputes, will eliminate a powerful settlement incentive, and will confer an unwarranted windfall upon employers. He suggests that wage claimants represented by the Labor Commissioner will face more combative employers, lengthier litigation, and longer waiting periods before wages are paid. Respondent, on the other hand, notes that his appeal of the Labor Commissioner's award was not meritless and that the trial court substantially reduced the amount of wages and penalties awarded by the Commissioner. Respondent contends the Labor Commissioner would receive a pecuniary interest in each case if it were allowed an award of attorney's fees, which would in turn deny employers an impartial hearing at the administrative level.[5] Respondent further contends that allowing such an award would have a chilling effect on the assertion of an employer's right to obtain judicial review of the Labor Commissioner's actions. In light of the unambiguous language of section 98.2, these policy concerns are better decided by the Legislature.
The parties and the amicus curiae have advised us that a bill was introduced in the *151 Legislature earlier this year to amend section 98.2 to require an award of attorney's fees against an unsuccessful appellant in de novo proceedings regardless of whether the successful party is represented by private counsel or by the Labor Commissioner. (Assem. Bill No. 2509 (1999-2000 Reg. Sess.).) This particular portion of Assembly Bill No. 2509 was withdrawn, however, from later versions of the bill. Our conclusion in this case that attorney's fees are not authorized by section 98.2, subdivision (b), rests on the plain language of the existing statute.
The post-judgment order is affirmed. Respondent is awarded costs on appeal.
GILBERT, P.J., and PERREN, J., concur.
NOTES
[1] All statutory references are to the Labor Code unless otherwise stated.
[2] According to the supporting declaration submitted by the Labor Commissioner's attorney, the $6,600 figure consisted of 33 hours at $200 per hour. Counsel stated that the hourly fee represented the rate at which his legal services would have been billed in the private sector.
[3] Section 98.4 provides: "The Labor Commissioner may, upon the request of a claimant financially unable to afford counsel, represent such claimant in the de novo proceedings provided for in section 98.2. In the event that such claimant is attempting to uphold the amount awarded by the Labor Commissioner and is not objecting to any part of the Labor Commissioner's final order, the Labor Commissioner shall represent the claimant."
[4] It is well settled that appellant was the successful party in the de novo proceeding because the trial court's judgment did not completely eliminate the Labor Commissioner's prior award. (Cardenas v. Mission Industries (1991) 226 Cal.App.3d 952, 277 Cal.Rptr. 247.)
[5] At oral argument, it was asserted that such fees go into the general fund, rather than the Labor Commissioner's account.