Filed 9/26/16  Alcala v. Santa Fe Rubber Products CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ELIAS ALCALA et al., | B265749 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC459688) |
| v. | |
| SANTA FE RUBBER PRODUCTS, INC., | |
| Defendant and Appellant. | |
| SANTA FE RUBBER PRODUCTS, INC., | |
| Cross-complainant and Appellant, | |
| v. | |
| ELIAS ALCALA et al., | |
| Cross-defendants and Respondents. | |

APPEAL from a judgment and order of the Superior Court of Los Angeles County.  Ralph Dau, Michael Linfield and Joseph R. Kalin, Judges.  Reversed and remanded with directions in part, affirmed in part.

Remer, DiVincenzo & Griffith, Joseph P. DiVincenzo for Defendant, Cross-complainant and Appellant.

Rothner, Segall & Greenstone, Glenn Rothner, Jonathan Cohen, Eli Naduris-Weissman for Plaintiffs, Cross-defendants and Respondents.

Gilbert & Sackman, Joshua F. Young, Benjamin M. O'Donnell for Cross-defendants and Respondents.

_____

Plaintiffs and respondents, employees of defendant and appellant Santa Fe Rubber Products, Inc. (SFR), established that SFR committed Labor Code violations by implementing a statutorily deficient, 20-minute meal period. We find that the trial court correctly determined liability and assessed damages on plaintiffs' cause of action for Labor Code violations.

We determine that the trial court erred, however, by preventing SFR from presenting evidence relevant to equitable considerations potentially impacting plaintiffs' right to restitution on a related cause of action for unfair business practices. We therefore remand the action to the trial court with directions to conduct a bench trial regarding equitable considerations relevant to plaintiffs' claim for restitution.

## BACKGROUND

Elias Alcala, Margarita Benavides, and Celio Jimenez, three employees of SFR, filed a putative class action complaint alleging two causes of action: (1) that SFR violated Labor Code sections 226.7 and 512, subd. (a),[1] as well as Industrial Welfare Commission (IWC) wage order 1-2001 (Cal. Code Regs., tit. 8, § 11010) by failing to provide employees with 30-minute meal periods (the Labor Code claim), and (2) that the failure to provide lawful meal periods constituted an unfair business practice under Business and Professions Code section 17200, et seq. (the UCL claim). A class of all persons employed at SFR between April 2007 and July 2010 was eventually certified.

**Evidence presented on motion for summary adjudication**

Plaintiffs moved for summary adjudication of both the Labor Code and the UCL claims. SFR opposed the motion. Evidence presented in connection with the motion for summary adjudication included the following:

Production employees at SFR are represented by the United Steel Workers' Union (the union). In 1997, all production workers began receiving a 20-minute paid meal

---

[1]     Unless otherwise noted, all further statutory references are to the Labor Code.

break, resulting in a workday that lasted eight gross hours. Employees were paid for eight hours of work.

In March 2006, the union and employee representatives undertook collective bargaining negotiations with SFR. In the negotiations, SFR expressed a preference that employees receive a 30-minute unpaid meal break. SFR wished to implement an eight and a half-hour shift, eight hours of which would be paid, so that SFR could "overlap" shifts and increase production. The union and the employee representatives reacted negatively to SFR's offer of a 30-minute unpaid meal break because they did not want to extend shifts by an additional 30 minutes. They claimed that the employees would go on strike unless the meal period schedule remained the same, with the 20-minute paid meal break in the middle of the shift, and a gross eight-hour workday. When SFR expressed concerns about the legality of the 20-minute meal period, union representatives stated that the union and SFR could legally agree on anything they wanted with respect to meal break provisions, as long as it was contained in the collective bargaining agreement. SFR acquiesced to the demand, and the collective bargaining agreement provided for "a 20 minute paid lunch near the middle of the shift."

Thus, during the period relevant to this lawsuit, from April 2007 until July 2010, all SFR employees took a 20-minute paid meal break near the middle of their shifts and had an eight-hour workday, including meal and rest breaks. On each shift, all employees took their meal break at the same time of day. Employees knew when to take their meal breaks based on an automated bell system used by SFR that sounded to signify the beginning and end of the 20-minute meal period. During the meal period, operations shut down completely and no employee performed any work. While this schedule was in effect, SFR received no complaints regarding the 20-minute meal period.

In July 2010, SFR and the union engaged in negotiations regarding a new collective bargaining agreement. According to SFR, the union threatened that, unless SFR agreed to certain concessions, the union would have a lawsuit filed asserting that SFR violated meal break laws by enforcing a 20-minute meal period. SFR did not agree

4

to the requested concessions, and it immediately implemented a 30-minute unpaid lunch break based upon the advice of counsel.

Employees were thereafter required to clock in and out for the 30-minute meal period, and the bell schedule changed to reflect the new meal period. This action was subsequently filed in April 2011.

**The trial court's ruling**

The trial court granted the motion for summary adjudication as to both the Labor Code claim and the UCL claim, concluding the employees were entitled to a 30-minute meal break but only a 20-minute period was provided. The court found that, regardless of the circumstances surrounding the negotiation of the collective bargaining agreement, the right to a 30-minute meal period was not subject to waiver by agreement. The court further determined that, by proving the elements of their claims, plaintiffs were entitled to summary adjudication, but further proceedings, including possible trial, on the actual amount of damages (under the Labor Code claim) or remedies (under the UCL claim) could be necessary.

**Motion in limine**

Prior to the scheduled trial, plaintiffs filed a motion in limine seeking to prevent SFR from presenting evidence regarding its affirmative defenses. Plaintiffs argued that, to the extent SFR's defenses concerned liability, those defenses had already been overruled by the trial court's prior ruling.

The trial court granted the motion in limine, finding that the employees were entitled to one hour of pay for every meal period of less than 30 minutes, and that this calculation could be resolved by an accounting.

**Trial and judgment**

The court held a one-day bench trial to determine the amount of damages and/or restitution due the class. Plaintiffs called an economist as an expert witness, who gave an opinion on the sum total owing to plaintiffs. His accounting was based on payroll records, from which he estimated the number of days plaintiffs worked for more than five

hours but did not receive a 30-minute meal break. SFR was given the opportunity to present a differing accounting but did not do so.

Following trial, the court issued judgment in favor of plaintiffs for a total of $156,917 in damages and/or restitution (not including prejudgment interest). The court explained that $98,426 of this amount was compensable as both damages, under the Labor Code claim, and restitution, under the UCL claim. However, because the UCL claim had a statute of limitations of four years, as opposed to the Labor Code claim's three years (see *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 178-179 (*Cortez*)), the remaining $58,491 represented an amount owed only as restitution, not damages.

SFR appealed from the judgment.

## DISCUSSION

### I. The Labor Code claim

#### A. SFR did not comply with its meal period obligations

Section 512, subdivision (a) provides, in relevant part: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee." Subdivision 11(A) of IWC wage order 1-2001 (Cal. Code Regs., tit. 8, § 11010), which applies to workers (like plaintiffs) in the manufacturing industry, imposes identical meal period requirements. In turn, both section 226.7, subdivision (c), and subdivision 11(D) of wage order 1-2001 require an employer that fails to provide the mandated meal period to pay employees one additional hour of pay at employees' regular rate of compensation for each workday that the meal period is not provided. This additional hour of pay is referred to as a "premium" wage. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1114 (*Murphy*).)

The Supreme Court has explained an employer's general duty in supplying the 30-minute meal period: "An employer's duty with respect to meal breaks under both section

6

512, subdivision (a) and [the applicable wage order] is an obligation to provide a meal period to its employees. The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so." (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1040.) An employer is only obligated to provide bona fide relief from work duties during this 30-minute period, not to police meal breaks to ensure no work is performed. (*Id.* at pp. 1040-1041.) In most circumstances, including those applicable here, the meal period must take place within the first five hours of an employee's workday. (*Id.* at p. 1041.)

The evidence presented on summary adjudication in this matter established that SFR employees received only a 20-minute mid-shift meal break during the relevant time period. Nevertheless, SFR argues that it complied with its obligation, as outlined in *Brinker*, to supply an adequate meal period. SFR contends that, by seeking to implement a 30-minute unpaid meal period during collective bargaining negotiations, it effectively "provided" a compliant meal period, even though it actually implemented a 20-minute paid break. We disagree.

SFR focuses on *Brinker*'s admonition that "employees cannot manipulate the flexibility granted them by employers to use their breaks as they see fit to generate" premium wage liability. (*Brinker*, *supra*, 53 Cal.4th at p. 1040.) *Brinker* also noted that what would "suffice" for an employer in providing meal breaks "may vary from industry to industry," and that the court could not "delineate the full range of approaches in each instance might be sufficient to satisfy the law." (*Ibid*.) Under these standards, courts have an obligation to look at the totality of circumstances in deciding whether an employer must pay premium wages to employees who work during mandated meal periods. If the employer truly allows an uninterrupted 30-minute meal break, it will not be liable for premium wages even if an employee chooses to work during the break, while premium wages are warranted if the employer pressures employees "to perform their duties in ways that omit breaks." (*Ibid*.) In discussing an employer's obligations,

7

however, nowhere does *Brinker* suggest that a 20-minute meal period policy may satisfy the Labor Code and wage order requirements of a 30-minute meal period.

Meal period requirements, as expressed in the Labor Code and the IWC's wage orders, "have long been viewed as part of the remedial worker protection framework." (*Murphy*, *supra*, 40 Cal.4th 1094, 1105; *Brinker*, *supra*, 53 Cal.4th 1004, 1027.) Accordingly, these provisions "must be interpreted in the manner that best effectuates that protective intent." (*Brinker*, at p. 1027.) Allowing an employer to satisfy its obligations to "provide" the required meal period simply by stating in collective bargaining negotiations that it wished to do so, before eventually agreeing to and implementing a noncompliant period, would not promote this protective intent. Instead, an employer must be held to its duty to allow employees to enjoy uninterrupted 30-minute meal periods, except in situations where the Labor Code and wage orders provide that the parties may depart from this requirement.

In fact, the Labor Code and the applicable wage order do allow for flexibility in certain situations. For example, if the nature of an employee's work prevents the employee from stopping all work during a mandated meal period, the employee and the employer may, by revocable written agreement, implement an "'on duty'" meal period. (Wage order 1-2001, subd. 11(C).) SFR did not contend, however, that its employees agreed to an on-duty meal period, no evidence of any such agreement was presented, and the evidence did not show that an on-duty meal period was necessary.

Additionally, section 512, subdivision (e) provides that certain employees covered by collective bargaining agreements need not be provided with the meal period described in section 512, subdivision (a). But this exception only applies to employees in particular industries. (§ 512, subd. (f)).[2] It did not apply to SFR employees.

---

[2] Section 514 previously provided an exemption for employees in all industries who were covered by valid collective bargaining agreements from section 512's meal period requirements, but the Legislature later amended section 514 so that it applies only to rules regarding overtime pay and alternative workweek schedules. (*Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1138.)

Thus, SFR was without authority to bargain away the required 30-minute meal period. "[T]he right to meal periods is a generally applicable labor standard that is not subject to waiver by agreement." (*Valles v. Ivy Hill Corp.* (9th Cir. 2005) 410 F.3d 1071, 1081; see also *Zavala v. Scott Brothers Dairy, Inc.* (2006) 143 Cal.App.4th 585, 593-594 [following *Valles*].) Because the right to a 30-minute meal period in the first five hours of work was non-negotiable, SFR could not lawfully implement a shorter meal period schedule.

SFR's plight does evoke some sympathy. The evidence shows that, when the collective bargaining agreement was negotiated in 2006, SFR would have preferred to provide an unpaid 30-minute break, but it acquiesced to the union and employee representatives' demands for a paid 20-minute lunch break. The evidence also appears to show that SFR may have been unaware of the legal requirement of a 30-minute meal period. Ignorance, however, is not a defense to a Labor Code violation. (*Heritage Residential Care, Inc. v. Division of Labor Standards Enforcement* (2011) 192 Cal.App.4th 75, 87.)

**B. SFR has not demonstrated reversible procedural error**

SFR argues that the trial court erred by granting summary adjudication while allowing for further proceedings on the issue of damages. It also contends that the court improperly prevented it from presenting defenses to the Labor Code claim.

In granting summary adjudication as to the Labor Code claim, the court found that plaintiffs established SFR was liable for violating sections 512 and 226.7. The court did not determine the amount of damages awardable to plaintiffs. Instead, it ruled that trial might still be necessary to determine damages. Subsequently, the court granted plaintiffs' motion in limine preventing SFR from presenting affirmative defenses. At trial, based on an accounting presented by plaintiffs' expert witness, the court determined damages arising from the Labor Code claim.

We find no reversible error. Whether summary adjudication can properly be granted on a Labor Code claim without a determination of the actual amount of damages is somewhat unclear. In examining the propriety of summary adjudication of a breach of

9

contract claim, *Paramount Petroleum Corp. v. Superior Court* (2014) 227 Cal.App.4th 226, 241 (*Paramount Petroleum*), found that, since a moving party must prove each element to obtain summary adjudication of a cause of action, and since damages are an element of a breach of contract cause of action, summary adjudication on only the issue of liability for breach of contract—with the amount of damages to be determined later— is improper. In contrast, the plaintiff in *People ex rel. Feuer v. Superior Court* (*Cahuenga's the Spot*) (2015) 234 Cal.App.4th 1360 (*People ex rel. Feuer*) brought a UCL claim that sought civil penalties. The appellate court determined that the penalties were merely a remedy available to the plaintiff and were not an element of the cause of action. Thus, the plaintiff could properly bring a motion for summary adjudication of the UCL cause of action, with penalties appropriately determined in further proceedings. (*Id.* at pp. 1364, 1372-1376.)

Plaintiffs' Labor Code claim appears more analogous to the UCL claim examined in *People ex rel. Feuer* than the breach of contract claim at issue in *Paramount Petroleum*. Sections 512, subdivision (a), and 226.7, subdivision (b), lay out the elements for the meal period claim—generally, that an employer not employ an employee for more than five hours without providing a meal period of at least 30 minutes (§ 512, subd. (a)), and that an employer not require an employee to work during a mandated meal period (§ 226.7, subd. (b)). The remedy for a violation—premium pay—is separately set forth in section 226.7, subdivision (c). Thus, there appears to be no error in the trial court's ruling here.

In any event, we need not definitively determine whether summary adjudication of a meal period claim without determination of the actual amount of damages was entirely proper because, even if there was trial court error, SFR fails to demonstrate it was reversible error.[3] The trial court found that plaintiffs established liability and were owed

---

[3]     SFR also argues summary adjudication was improper because plaintiffs' motion did not address SFR's affirmative defenses. This argument is incorrect. (See *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853 ["summary judgment law in this state no longer requires a plaintiff moving for summary judgment to disprove any defense

damages, and it simply deferred the calculation of the actual amount of damages to trial. Subsequent to the court's ruling on the motion for summary adjudication, both sides were given an opportunity to present an accounting to determine damages. At trial, plaintiffs presented an expert witness who opined on the amount of damages owing based on SFR's payroll records. SFR, in contrast, declined the opportunity of an accounting, and presented no evidence to counter plaintiffs' damages calculation.[4]

SFR also fails to demonstrate that the trial court erred when it granted plaintiffs' motion in limine prohibiting SFR from presenting affirmative defenses relevant to the Labor Code claim at the damages trial. SFR already had the opportunity to argue its defenses in opposing the motion for summary adjudication. (See Code Civ. Proc., § 437c, subd. (p)(1) [once plaintiff meets burden on motion for summary adjudication of a cause of action, burden shifts to defendant to show triable issue as to the cause of action or a defense].) It did not successfully do so. To the extent SFR takes issue with plaintiffs' expert's calculation of damages, it should have presented its own accounting.

Moreover, at the trial court level and on appeal, SFR has not identified a material issue of fact as to a defense that could have impacted the trial court's ruling on the Labor Code claim. SFR asserts that it should have been allowed to argue a number of equitable defenses. Because plaintiffs established the Labor Code violation, however, equitable defenses did not apply. (See *Ghory v. Al-Lahham* (1989) 209 Cal.App.3d 1487, 1492; see also *Cortez*, *supra*, 23 Cal.4th 163, 179-180.) In *Ghory*, the plaintiff employee sought overtime compensation after working long hours as a gas station attendant for a

_____

asserted by the defendant as well as prove each element of his own cause of action. . . . All that the plaintiff need do is to 'prove[] each element of the cause of action.'"].)

[4] At trial, SFR attempted to call its general manager to testify. The trial court did not allow the testimony, correctly finding that it was not relevant to the issue of accounting on the Labor Code claim. To the extent the general manager may have testified with respect to liability on the Labor Code claim, the testimony was irrelevant because plaintiffs had already established they received a 20-minute meal break during the relevant time period.

fixed monthly wage. The defendant employer argued that, because he agreed beforehand with the plaintiff regarding the days and hours of employment, the plaintiff's recovery of overtime compensation was precluded by the equitable defense of unjust enrichment. In rejecting this argument, the court concluded "[p]rinciples of equity cannot be used to avoid a statutory mandate." (*Ghory*, at p. 1492; see also *Gomez v. J. Jacobo Farm Labor Contr., Inc.* (E.D.Cal. 2016) 2016 U.S. Dist. LEXIS 66922, *16-17 [equitable defenses, including waiver, not applicable to Labor Code requirements, including meal breaks].) Just so here: because the evidence showed that SFR did not provide the 30-minute meal period required by the Labor Code, no equitable defenses could counter or offset plaintiffs' right to premium pay damages.

Thus, the trial court correctly found liability and assessed damages on the Labor Code claim.

## II. **The UCL claim**

As explained above, while the majority of restitution awarded by the trial court on the UCL claim was duplicative of the damages awarded on the Labor Code claim, $58,491 of the total amount awarded constituted only restitution under the UCL. This is because a UCL claim, even if based on a violation of the Labor Code, has a four-year statute of limitations, as opposed to the three-year statute of limitations applicable to the Labor Code claim at issue in this case. (*Cortez*, *supra*, 23 Cal.4th 163, 178-179; see also Bus. & Prof. Code, § 17208 [four-year statute of limitations]; Code Civ. Proc., § 338, subd. (a) [three-year statute of limitations for statutory liability].) These differing statutes of limitations matter here: although plaintiffs are properly awarded the damages already determined on the Labor Code claim, the extra $58,491 in restitution may be decreased or nullified on remand, as we find that SFR should be able to present evidence relevant to equitable considerations impacting remedies for the UCL violation.[5]

---

[5]     Actually, the entirety of the UCL restitution is potentially subject to decrease, if any is proper. Since the damages awarded on the Labor Code claim already represent a floor for the latter three years of violation, however, this determination as to remedies

12

Plaintiffs had an actionable UCL claim based on SFR's failure to provide a 30-minute meal break. (See *Safeway, Inc. v. Superior Court* (2015) 238 Cal.App.4th 1138, 1155-1156 (*Safeway*) [UCL claim may be predicated on nonpayment for missed or shortened meal breaks].) Further, restitution under the UCL is properly sought for recovery of premium wages. (*Id.* at pp. 1155-1156, 1162; see also *Cortez, supra*, 23 Cal.4th 163, 177-178 [orders for payment of unlawfully withheld wages are a proper remedy under the UCL].) Moreover, the trial court did not clearly err by finding liability on the UCL claim at the summary adjudication stage without determining the proper measure of restitution. (*People ex rel. Feuer, supra*, 234 Cal.App.4th 1360, 1364, 1372-1376.)

Nevertheless, the trial court committed prejudicial error by preventing SFR from presenting evidence at trial relevant to the equities of restitution on the UCL claim. Although "equitable defenses may not be asserted to wholly defeat a UCL claim since such claims arise out of unlawful conduct," "equitable considerations" may "guide the court's discretion" in fashioning an appropriate remedy under the UCL. (*Cortez, supra*, 23 Cal.4th 163, 179.) The purpose of UCL remedies is "deterrence of and restitution for unfair business practices." (*Ibid.*) "Therefore, what would otherwise be equitable defenses may be considered by the court when the court exercises its discretion over which, if any, remedies authorized by [Business and Professions Code] section 17203 should be awarded." (*Id.* at pp. 179-180.)

Defendants asserted a number of equitable defenses—including setoff, estoppel, waiver, and unclean hands—consideration of which is proper to determine the amount of restitution, if any, that is appropriately ordered.[6] The evidence already presented shows

---

will only materially impact the judgment as to the first year, for which only restitution is potentially awardable.

[6] Among other possible considerations, "[i]n suitable circumstances, 'the return of the excess of what the plaintiff gave the defendant over the value of what the plaintiff received' is an appropriate measure of restitution." (*Safeway, supra*, 238 Cal.App.4th 1138, 1162.)

13

that equity may require restitution of less than the amount awarded by the trial court, if any restitution is appropriate. Trial relevant to restitution and equitable considerations is necessary so that the trial court can properly decide an appropriate remedy for the UCL violation.

### III. SFR has forfeited challenge to the sustained demurrer to its cross-complaint

SFR filed a cross-complaint, and several amended cross-complaints, against the union and certain former employees. The trial court eventually sustained a demurrer to the third amended cross-complaint, without leave to amend.

In its opening brief, SFR provides essentially no description of the allegations in the cross-complaint, the basis for demurrer, or legal reasoning relevant to its unsupported conclusion that the trial court erred by sustaining the demurrer. We therefore consider SFR's argument as to this issue forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(B); *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived."]; *North Coast Rivers Alliance v. Kawamura* (2015) 243 Cal.App.4th 647, 679 [point not made in opening brief is forfeited].)

### DISPOSITION

The judgment is reversed. On remand, the trial court shall conduct a bench trial to consider equities (based on SFR's asserted equitable defenses) relevant to remedies for the UCL claim, liability having been established. The trial court shall determine, given equitable considerations, how much restitution, if any, is properly awarded to plaintiffs. No trial on the Labor Code claim is warranted, as the trial court has already appropriately determined liability and damages with respect to this claim. The order dismissing SFR's cross-complaint is affirmed.

The parties shall bear their own costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.