[No. B021361. Second Dist., Div. Six. Feb. 18, 1988.]

WILFREDO TOVAR HERNANDEZ, Plaintiff and Appellant, v. RAYMOND J. MENDOZA et al., Defendants and Respondents.

COUNSEL

James R. Christiansen for Plaintiff and Appellant.

Mullen, McCaughey & Henzell, George L. Wittenburg and William E. Degen for Defendants and Respondents.

**OPINION**

**STONE (S. J.), P. J.**—Wilfredo Tovar Hernandez appeals from a superior court judgment granting Raymond and Delia Mendoza's (respondents) motion for judgment pursuant to Code of Civil Procedure section 631.8. The judgment follows a trial de novo in superior court under Labor Code section 98.2, which was requested by respondents to challenge an award of overtime wages to appellant by the Labor Commissioner.

We reverse.

*Background*

Appellant was hired as the butcher in respondents' grocery store on November 2, 1983.

Respondents agreed to pay appellant a fixed weekly salary of $300. Appellant's employment with respondents was terminated in May 1985. It was undisputed in the trial court that respondents maintained lawful time records for appellant pursuant to state labor regulations from August 1, 1984, until his termination. During this period, appellant apparently worked a 40-hour week and was compensated by the hour rather than by the prior fixed salary.

The period in dispute was from the commencement of appellant's employment in November 1983 through July 31, 1984. Appellant testified that he orally agreed to work for $300 per week and there was no discussion between the parties about the hours he would work or about an hourly wage. Appellant also testified that during the disputed period he worked 7 days every week for 13 hours every day (from 8 a.m. to 9 p.m., the store's hours), except for a few days off to visit relatives and a few hours off now and then for personal business. Appellant further presented to the trial court a calendar he filled out at the Labor Commissioner's office in May 1985, almost a year after the disputed period ended, showing the days and hours he worked. The calendar was solely from appellant's memory.

Respondent Raymond Mendoza testified that when appellant was hired, the parties orally agreed he would receive the minimum hourly wage of $3.35. Respondent also testified that during the disputed period, appellant agreed to work nine hours a day seven days a week (excluding break periods). Respondent contended that he paid appellant an hourly overtime wage of $5.02, or one and one-half times the minimum wage, for hours in excess of forty hours per week and double time for the seventh day of the week. Since the regular and overtime wages for 63 weekly hours fell below the $300 weekly salary, respondent stated that he paid appellant $300 anyway as a "bonus" because appellant insisted on that salary. Respondents attempted to support their position by introducing time cards allegedly maintained by them during the subject period.

However, respondent admitted that appellant may have worked 12 hours per day for an 8-day period when he was first hired. Respondent further admitted to the trial judge that he utilized false figures as to the hours

appellant worked since appellant worked irregular hours and respondent wanted the time cards to be consistent with the $300 per week salary.

The trial court found that the time cards presented by respondents for the period November 1983 through July 1984 were "clearly made up" by respondents. Nonetheless, the judge declared that the issue of respondents' credibility was moot in view of the unbelievability of appellant's calendar.

The judge concluded: "The court finds that the [appellant] has not carried his burden of proof with regard to certainty. . . . Whereas it is and does appear reasonable that the [appellant] has in fact worked some overtime, the court just cannot tell from the evidence submitted how much overtime and the court is not allowed to guess."

## DISCUSSION

Appellant contends the trial court erred as a matter of law in concluding that he failed to carry his burden of proof with regard to the number of overtime hours he accrued. We agree.

■ Our review of this case is guided by the principle that Labor Code section 98.2 provides for a de novo trial in superior court on appeal from an order or decision by the Labor Commissioner. This means that superior court proceedings constitute a new trial in the fullest sense and the parties may introduce any relevant evidence not presented at the administrative hearing. (*Sales Dimensions* v. *Superior Court* (1979) 90 Cal.App.3d 757, 762-763 [153 Cal.Rptr. 690].) The findings of the Labor Commissioner are entitled to no weight, and review is accorded to the facts presented to the superior court and not to the decision of the commissioner. (*Id.,* p. 763.)

Respondents hired appellant under an oral agreement that he would work as their butcher and receive compensation of $300 per week. No evidence existed that the parties specifically and mutually agreed at any time prior to August 1, 1984, to the number of hours per day or per week appellant would work or to an hourly wage. Respondents' testimony that appellant agreed to work nine hours per day seven days per week at the minimum wage was unsupported by any independent, objective evidence and flatly contradicted by appellant.

■ As such, the $300 per week compensation earned by appellant from November 1983 through July 1984 must be construed as the payment he received for a regular workweek. Absent an *explicit, mutual* wage agreement, a fixed salary does not serve to compensate an employee for the number of hours worked under statutory overtime requirements. (Lab.

Code, § 510; *Alcala* v. *Western Ag Enterprises* (1986) 182 Cal.App.3d 546, 550-551 [227 Cal.Rptr. 453], citing *Brennan* v. *Elmer's Disposal Service, Inc.* (9th Cir. 1975) 510 F.2d 84, 86.)[1]

Wage order No. 7-80, effective January 1, 1980, covers the mercantile industry in California. It expressly provides in pertinent part in subdivision (3)(A), that "employees shall not be employed more than eight (8) hours in any workday or more than forty (40) hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over forty (40) in the workweek." (Cal. Code Regs., tit. 8, § 11070.)

It was undisputed in the trial court that appellant worked more than 8 hours per day and more than 40 hours per week from November 1983 through July 1984. According to respondents' own testimony, appellant *at least* worked 63 hours per week during the disputed period and 12 hours per day in one 8-day period. Since there was no evidence of a wage agreement between the parties that appellant's $300 per week compensation represented the payment of minimum wage or included remuneration for hours worked in excess of 40 hours per week, the record shows without question that appellant incurred damages of uncompensated overtime during the disputed period. Indeed, the trial judge so suggested.

■ It is a fundamental principle of American jurisprudence that for every wrong there is a remedy, and that, unless countered by public policy, an injured party should be compensated for all damage proximately caused by the wrongdoer. (*Barbara A.* v. *John G.* (1983) 145 Cal.App.3d 369, 376 [193 Cal.Rptr. 422]; Civ. Code, § 3523.) In light of the uncompensated overtime hours accrued by appellant, the trial court failed to fulfill its duty to ascertain and award the amount of damages owed to appellant.

■ We disagree with respondents that the trial court's finding that appellant did not carry his burden of proof involved a factual decision which is not to be disturbed on appeal. The trial court's conclusion that appellant's offer of proof of the number of overtime hours would cause the court to guess at the amount of damages was an error of law. (See *Brock* v. *Seto* (9th Cir. 1986) 790 F.2d 1446, 1448.) Once an employee shows that he performed work for which he was not paid, the *fact* of damage is certain; the only uncertainty is the *amount* of damage. (*Ibid.,* citing *Anderson* v. *Mt. Clemens Pottery Co.* (1945) 328 U.S. 680, 688 [90 L.Ed. 1515, 1523, 66 S.Ct. 1187].) In such a case, it would be a perversion of justice to deny all relief to

[1] The *Alcala* court noted that, since California's wage laws are patterned on federal statutes, federal cases construing those federal statutes provide persuasive guidance to state courts. (*Id.,* p. 550.)

the injured person, thereby relieving the wrongdoer from making any restitution for his wrongful act. (*Brock* v. *Seto, supra.*)

■ We reject respondents' further contention that appellant failed to meet his burden of proof in showing the amount of overtime hours. The trial court found that respondents' time records during the disputed period were false. Respondents were thus in violation of wage order No. 7-80, requiring every employer to "keep accurate information with respect to each employee including the following: . . . Time records showing when the employee begins and ends each work period." (Cal. Code Regs., tit. 8, § 11070, subd. 7(A)(3).) The United States Supreme Court decided in *Anderson* v. *Mt. Clemens Pottery Co., supra,* that in cases such as the present one, where the employer has failed to keep records required by statute, the consequences for such failure should fall on the employer, not the employee. In such a situation, imprecise evidence by the employee can provide a sufficient basis for damages. (328 U.S. 687; *Reeves* v. *International Tel. and Tel. Corp.* (9th Cir. 1980) 616 F.2d 1342, 1351.)

Although the employee has the burden of proving that he performed work for which he was not compensated, public policy prohibits making that burden an impossible hurdle for the employee. (*Anderson* v. *Mt. Clemens Pottery Co., supra,* 328 U.S. 687.) "[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a . . . difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation . . . . In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." (*Id.,* pp. 687-688 [90 L.Ed. at p. 1523].) (See also *Brock* v. *Seto, supra,* 790 F.2d 1447-1448; *Romaca* v. *Meyer* (1952) 114 Cal.App.2d 375, 384 [250 P.2d 347].)

Here, appellant testified that on most days from November 1983 through July 1984 he was required to be on his employers' premises from 8 a.m. until 9 p.m. or during the store's regular hours. In concluding that appel-

lant's evidence compelled it to perform guesswork as to the amount of damages, the trial court ignored the legal standard established in *Anderson*. (See *Brock* v. *Seto, supra,* p. 1448.) It is the trier of fact's duty to draw whatever reasonable inferences it can from the employee's evidence where the employer cannot provide accurate information. (*Id.,* pp. 1448-1449; *Anderson* v. *Mt. Clemens Pottery Co., supra,* 328 U.S. 693.)

We need not discuss appellant's final contentions concerning the correct method of calculating his overtime pay. Since no such calculations have yet been made by the trial court, a discussion of the subject would be premature. We, however, agree with appellant that the law governing the appropriate method of calculating overtime wages is contained in *Skyline Homes, Inc.* v. *Department of Industrial Relations* (1985) 165 Cal.App.3d 239 [211 Cal.Rptr. 792]; accord, *Alcala* v. *Western Ag Enterprises, supra,* 182 Cal.App.3d at p. 551.

The judgment is reversed and vacated. The case is remanded to the superior court to permit the trial judge to award damages to appellant consistent with the views expressed herein.

Costs on appeal are awarded to appellant.

Gilbert, J., and Abbe, J., concurred.