Lisa CLARK, Plaintiff—Appellee,

v.

UNITED EMERGENCY ANIMAL CLINIC, INC., Defendant— Appellant.

Margaret Saiki, on behalf of herself and all those similarly situated, Plaintiff—Appellee,

v.

United Emergency Animal Clinic, Inc., Defendant—Appellant.

Lisa Clark, Plaintiff—Appellant,

v.

United Emergency Animal Clinic, Inc., Defendant—Appellee.

Margaret Saiki, on behalf of herself and all those similarly situated, Plaintiff—Appellant,

v.

United Emergency Animal Clinic, Inc., Defendant—Appellee.

Lisa Clark, Plaintiff—Appellant,

v.

United Emergency Animal Clinic, Inc.; Does 1 through 10, inclusive, Defendants—Appellees.

Nos. 03–15267, 03–15269, 03–15344, 03–15347, 03–15613.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Dec. 7, 2004.

John McBride, Wylie, McBride, Jesinger, Sure & Platten, Gregg L. Kays, Esq., Norland & Kays, San Jose, CA, for Plaintiffs–Appellees and Plaintiffs–Appellants.

William J. Goines, Eileen P. Kennedy, Esq., Berliner Cohen, San Jose, CA, for Defendant–Appellant and Defendant–Appellee.

Before: CANBY, RYMER, and HAWKINS, Circuit Judges.

### MEMORANDUM *

United Emergency Animal Clinic, Inc. (UEAC) appeals the judgment in favor of Dr. Margaret Saiki and Dr. Lisa Clark on their claims for violation of California Labor Code §§ 510 and 221.[1] Saiki and Clark cross-appeal.[2] We affirm on all issues but Clark's appeal on attorney's fees, on which we reverse and remand.

### I

The district court did not err in holding that UEAC's practice of paying an advance that exceeded the required minimum salary was not an implied-in-fact part of its employment agreement with Clark and Saiki. There was no guarantee, as UEAC contends, because its intention to assure that the minimum would be paid was never communicated. That its employees received more than the minimum does not manifest agreement that the minimum would be paid no matter what. Cal. Civ.Code § 1621; *see, e.g., Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 680, 254 Cal.Rptr. 211, 765 P.2d 373 (1988); *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 336–37, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000). The employees' compensation also depended on the number of shifts worked and gross receipts, which made the amount subject to fluctuation on account of quality or quantity of work performed. As there was no guarantee and the per shift pay differed from month to month, Clark and Saiki were not exempt from overtime requirements after the January 1, 2000 change in state law.[3]

UEAC's alternative argument based on an implied-in-law contract also fails for lack of evidence that there was any guaranteed minimum, as does its contention that the standard for *denying* exempt status should be imported to *creating* it.

### II

Under *Hudgins v. Neiman Marcus Group, Inc.,* 34 Cal.App.4th 1109, 41 Cal. Rptr.2d 46 (1995), deductions taken from wages paid for such things as returned checks, refunds, and collections that spread UEAC's costs of doing business are not allowed, whether or not they are fair and reasonable. The deductions taken here are not saved by *Ralphs Grocery Co. v. Superior Ct.,* 112 Cal.App.4th 1090, 5 Cal.Rptr.3d 687 (2003), because Clark and Saiki are not exempt. Nor does *Ralphs Grocery* apply to deductions taken prior to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The California Veterinary Medical Association filed an amicus curiae brief in support of UEAC's appeal.

2. We resolve the cross-appeal issues arising under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), in a published opinion.

3. The district court found that UEAC modified its full-time veterinarians' compensation arrangement as of January 1, 2001 to guarantee $3000 per month. We express no opinion on this change.

January 1, 2000; UEAC did not pay its employees a fixed wage and bonus.

## III

The district court correctly applied *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). As Clark and Saiki did not show the actual or approximate hours worked in excess of regularly scheduled shifts, the burden never shifted to UEAC and *Hernandez v. Mendoza*, 199 Cal.App.3d 721, 727, 245 Cal.Rptr. 36 (1988) is not implicated.

## IV

■ The basis upon which the district court denied Clark attorney's fees is not entirely clear. To the extent it was because she did not prevail on a statutory claim, we believe it was in error. California Labor Code § 218.5 applies on its face to "any action brought for the nonpayment of wages." That is what Clark's claim for deductions from wages for blood, rattlesnake antivenin, IAVC expenses and telephone calls to poison control was for. Attorney's fees should not be denied on claims for unpaid wages simply because they were not paid in breach of contract. Nor are we persuaded by UEAC's argument that Clark did not ask for attorney's fees in her complaint, or that they must be pled as special damages. However, we are not as familiar with the entire record as the district court, and therefore leave it to the court on remand to determine whether all of the claims (either statutory or contractual) on which Clark prevailed qualify as claims for the nonpayment of wages, for which fees must be awarded.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

