FILED

MAR 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BAO YI YANG; WEI WANG; LIANG-XIAN FU,

          Plaintiffs - Appellants,

 v.

SHANGHAI GOURMET, LLC, DBA Shanghai Gourmet; XU LIANG SHEN; BO JUAN LIU; DOES 1-10,

          Defendants - Appellees.

No. 10-17830

DC No. CV 3:07-04482 JL

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Larson, Magistrate Judge, Presiding

Argued and Submitted February 16, 2012
San Francisco, California

Before:    TASHIMA and SILVERMAN, Circuit Judges, and ADELMAN, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

Plaintiffs Bao Yi Yang, Wei Wang, and Liang-Xian Fu, former employees of Defendants Xu Liang Shen and Shanghai Gourmet, appeal from the district court's judgment in favor of Defendants after a bench trial. Plaintiffs contend that the district court: (1) misapplied federal and California wage and hour standards for determining Wang's and Yang's regular rates of pay; (2) erred in determining the number of hours Wang and Yang worked each week; (3) erred in holding that Plaintiffs were not entitled to meal period premiums; and (4) erroneously failed to make any findings of fact regarding Plaintiff Fu's wages prior to August 2004. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

The selection and application of the correct legal standard for claims of unpaid overtime under the Fair Labor Standards Act ("FLSA") is reviewable de novo. *Brock v. Seto*, 790 F.2d 1446, 1447 (9th Cir. 1986). We also review a district court's determination of state law de novo and must apply California law as we believe the California Supreme Court would apply it. *Rabkin v. Or. Health Scis. Univ.*, 350 F.3d 967, 970 (9th Cir. 2003); *Gravquick A/S v. Trimble Navigation Int'l, Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003). We review findings of fact for clear error. *Brennan v. Elmer's Disposal Serv., Inc.*, 510 F.2d 84, 88 (9th Cir. 1975).

**1.** Under the FLSA, employees who work more than forty hours a week are entitled to overtime compensation at one and one-half times their regular rate of pay. 29 U.S.C. § 207(a)(1). Absent explicit proof of a mutually agreed upon rate of hourly pay, the regular rate actually paid to a salaried employee is obtained by dividing the employee's weekly wage by the number of hours worked each week. *Brennan v. Valley Towing Co.*, 515 F.2d 100, 105-06 (9th Cir. 1975); *see also Marshall v. Chala Enters., Inc.*, 645 F.2d 799, 801 (9th Cir. 1981). The district court found that Wang and Yang expressly agreed to a monthly minimum after-tax salary, but not to hourly rates of pay. The hourly rates listed on Plaintiffs' pay stubs are insufficient to show their explicit agreement to be paid at those rates. *Elmer's Disposal Serv.,* 510 F.2d at 87-88.

Under the FLSA, then, Wang's and Yang's regular rates of pay should have been determined by dividing their weekly salaries, including the value of the room and board provided to them, by the total number of hours that they worked each week. On remand, the district court should reassess the FLSA overtime due to Wang and Yang on this basis. *See Hodgson v. Baker*, 544 F.2d 429, 433 (9th Cir. 1976).

**2.** California law likewise requires that any work in excess of forty hours in a workweek be compensated at one and one-half times the employee's regular

3

rate of pay. Cal. Lab. Code § 510(a). California Labor Code § 515(d) provides that, for a nonexempt full-time salaried employee, the regular hourly rate is one-fortieth of the employee's weekly salary. "Absent an *explicit, mutual* wage agreement, a fixed salary does not serve to compensate an employee for the number of hours worked under statutory overtime requirements." *Hernandez v. Mendoza*, 245 Cal. Rptr. 36, 38 (Ct. App. 1988) (emphasis in original); *see also Ghory v. Al-Lahham*, 257 Cal. Rptr. 924, 926 (Ct. App. 1989) (explaining that such an agreement must specify the hourly rate of compensation and must be made before the work is performed).

Because Yang and Wang never explicitly agreed to an hourly wage before their work was performed, the district court erred when it assumed the hourly rates listed on their pay stubs were their regular rates under California law. On remand, the district court should divide Yang's and Wang's weekly salaries by forty hours in order to calculate their regular rates under California law, and reassess their unpaid overtime on the basis of these hourly rates.

**3.** Under both federal and California law, where an employer's records of the hours an employee worked are inaccurate, the employee carries his burden "if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent

4

of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (partially superseded by statute on other grounds, as described in *IBP, Inc. v. Alvarez*, 546 U.S. 21, 26 (2005)); *Hernandez*, 245 Cal. Rptr. at 39-40. The burden then shifts to the employer to come forward with evidence that either shows the precise amount of work performed or negates the reasonableness of the inferences to be drawn from the employee's evidence. *Anderson*, 328 U.S. at 687-88.

The district court's finding that Wang and Yang worked eight hours a day, six days a week was clearly erroneous, because it was based on pay stub records that were obviously inaccurate. It is contradicted by the district court's findings about the daily schedule worked by the two employees, according to which Yang worked seven and a half hours a day and Wang worked between seven and a half and nine and a half hours a day. Accordingly, it is impossible to conclude that *both* Yang and Wang worked exactly eight hours a day, every day, as their pay stubs indicated.

Given the inaccuracy of Defendants' timekeeping records, the district court failed properly to apply the *Anderson* burden-shifting analysis. Because it is undisputed that Yang and Wang worked over forty hours a week, Yang and Wang have made a sufficient showing that Defendants did not properly pay them for their

5

overtime work under both the FLSA and California law. On remand, the district court should explicitly apply *Anderson* in weighing the evidence to determine how many hours Yang and Wang worked each week.

4.     California Labor Code § 512(a) states that an employer must provide a meal period not less than thirty minutes for employees working more than five hours in one shift. Six recent decisions of the California Courts of Appeal, all depublished pending hearing by the California Supreme Court, have concluded that, in order to satisfy the requirements of § 512(a), employers are required only to supply a meal break, not to ensure employees take that break. *Santos v. VITAS Healthcare Corp. of Cal.*, No. B222645, 2011 WL 2803370, at *9 (Cal. Ct. App. Jul. 14, 2011); *In re Lamps Plus Overtime Cases*, 125 Cal. Rptr. 3d 590, 602-03 (Ct. App. 2011); *Tien v. Tenet Healthcare Corp.*, 121 Cal. Rptr. 3d 773, 783-84 (Ct. App. 2011); *Hernandez v. Chipotle Mexican Grill, Inc.*, 118 Cal. Rptr. 3d 110, 118 (Ct. App. 2010); *Brinkley v. Pub. Storage, Inc.*, 84 Cal. Rptr. 3d 873, 881-82 (Ct. App. 2008); *Brinker Rest. Corp. v. Superior Court*, 80 Cal. Rptr. 3d 781, 802-08 (Ct. App. 2008). We may consider such depublished California decisions when construing California law, even though those decisions have no precedential value. *Emp'rs Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003).

In the absence of any other indicia of California law, we find the reasoning in these six cases persuasive. In interpreting a California statute, the court must be "mindful that words are to be given their plain and commonsense meaning." *Murphy v. Kenneth Cole Prods., Inc.*, 155 P.3d 284, 289 (Cal. 2007). Consistent with the ordinary meaning of the term "provide," § 512's requirement that an employer "provide" a meal period requires only that employers "supply or make available" such a meal period. *See Brinkley*, 84 Cal. Rptr. 3d at 881. We therefore affirm the district court's interpretation of California's meal period requirement.

5.      The statute of limitations for claims under the California Unfair Competition Law ("UCL") is four years. *See* Cal. Bus. & Prof. Code § 17208. Consequently, Fu was not barred from bringing UCL claims based on his wages from August 2003. Given that evidence was presented at trial about Fu's wages prior to August 2004, it was error for the district court to fail to make any findings regarding Fu's wages for that period because it prevented the court's consideration of whether Fu had any entitlement to unpaid overtime under the UCL between August 2003 and August 2004. On remand, the district court should reconsider the evidence presented at trial and make appropriate findings of Fu's compensation during the relevant time period.

Plaintiffs-Appellants shall recover their costs on appeal from Defendants-Appellees.

**AFFIRMED in part, REVERSED in part, and REMANDED.**