Filed 8/28/13  A-Ju Tours v. Chang CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| A-JU TOURS, INC., | B230858, B232815 |
| Defendant and Appellant, | (Los Angeles County Super. Ct. No. BC401329) |
| v. | |
| OK SONG CHANG, | |
| Plaintiff and Respondent; | |
| HENRY M. LEE LAW CORPORATION, | |
| Third Party Claimant and Respondent. | |

APPEALS from a judgment and orders of the Superior Court of Los Angeles County, Mary H. Strobel, Judge.  Judgment reversed with directions; order awarding attorney fees reversed; and appeal from order denying motion for judgment notwithstanding the verdict dismissed as moot.

Rehm & Rogari and Ralph Rogari for Defendant and Appellant.

John H. Oh for Plaintiff and Respondent.

Henry M. Lee & Associates, Henry M. Lee, Robert Myong; Law Offices of Barry G. Florence and Barry G. Florence for Third Party Claimant and Respondent.

A-Ju Tours, Inc. (A-Ju), appeals a judgment awarding Ok Song Chang $61,144.06 in damages, restitution, penalties and prejudgment interest arising from the failure to pay minimum wages due and failure to provide itemized wage statements. A-Ju also appeals a postjudgment order awarding Chang $300,000 in attorney fees and an order denying its motion for judgment notwithstanding the verdict (JNOV). The trial court later amended the fee award to make it payable to Chang's former attorney, Henry M. Lee Law Corporation (Lee). Lee is a respondent in these consolidated appeals.

A-Ju contends the evidence does not support the award of unpaid minimum wages, the special verdict findings are inconsistent, the jury reached an improper compromise verdict and Chang's counsel committed attorney misconduct in closing argument. A-Ju also challenges a jury instruction on the existence of an employer-employee relationship, the trial court's refusal to give A-Ju's requested instructions on contract law, the award of Labor Code penalties and the attorney fee award.

We have carefully reviewed the appellate record and concluded that the evidence does not support the finding that A-Ju failed to pay minimum wages due. We therefore will reverse the judgment as to the award of damages and restitution for unpaid minimum wages and as to other awards dependent upon the same finding with directions to enter judgment for A-Ju. In addition, we find that (1) A-Ju has shown no prejudicial instructional error, (2) the penalties awarded under Labor Code section 226 are barred by the statute of limitations, and (3) A-Ju waived its claim of attorney

2

misconduct.  We therefore will reverse both the judgment and order awarding attorney fees.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1.    *Factual Background*

A-Ju is a travel agency operating Korean-language tours in the western United States.  Chang worked as a tour guide for A-Ju initially beginning in 1995 and later beginning in 2005 or 2006.  She accompanied A-Ju's customers on bus and car tours and also worked in A-Ju's offices.  Tour customers typically paid her $10 per tour day per customer.  She also received commissions from the sale of optional tour packages, but she received no hourly wages.

A-Ju and Chang entered into an agreement entitled Confirmation dated July 29, 2007.  The Confirmation agreement stated that Chang was not an employee but instead was "an independent person" and that her only compensation was "service fees" received from tourists and commissions from tour option sales.  It also stated that its terms applied retroactively.

Chang stopped working for A-Ju in 2008 after she came to believe that she was unfairly being assigned to less profitable tours.

### 2.    *Pretrial Proceedings*

Chang filed a complaint against A-Ju and individual defendants in November 2008 and filed a first amended complaint in February 2009 alleging counts for (1) unfair competition (Bus. & Prof. Code, § 17200 et seq.); (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to provide rest breaks; (5) waiting time

3

penalties (Lab. Code, § 203); (6) failure to provide itemized wage statements (*id.*, § 226); (7) penalties under Labor Code section 558; (8) unlawful deductions from wages; (9) unlawful taking of gratuities; (10) conversion; (11) retaliation in violation of the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.); (12) wrongful termination in violation of FEHA; (13) wrongful termination in violation of public policy; and (14) failure to pay minimum wages.[1]

Defendants filed a summary judgment motion in December 2009, arguing that Chang was an independent contractor rather than an employee. The trial court concluded that the determination whether Chang was an employee or an independent contractor turned on disputed issues of fact and denied the summary judgment motion.

Chang filed a motion for summary adjudication of issues in January 2010, challenging two affirmative defenses asserted by A-Ju and seeking to establish as a matter of law that Chang was neither an independent contractor nor an outside salesperson. The trial court concluded that triable issues of fact precluded summary adjudication of those issues and denied the motion.

3. *Trial, Verdict and Judgment*

A bifurcated trial commenced in July 2010 beginning with the jury phase. The trial court granted defendants' motion for nonsuit against the conversion count and denied the motion as to other counts. As to the count for unpaid minimum wages, Chang's counsel argued only, "I don't believe that there is, also, any evidence of

---

[1]     We judicially notice Chang's first amended complaint filed on February 24, 2009. (Evid. Code, § 452, subd. (d).)

4

damages sufficient to support any wage or hour law violations. This is just utter rank speculation that we have up here."

The trial court instructed the jury on CACI No. 3704, as modified, as follows:

"Ok Song Chang claims that she was A-Ju Tours, Inc.'s, employee. In deciding whether Ok Song Chang was an A-Ju Tours, Inc., employee, an important factor is whether A-Ju Tours, Inc., had the right to control how Ok Song Chang performed the work, rather than just the right to specify the result.

"In deciding whether Ok Song Chang was an employee or an independent contractor, you must also weigh the following factors. The following factors, if you find them to be true, may show that Ok Song Chang was the employee of A-Ju Tours. The following factors, if you find them not to be true, may show that Ok Song Chang was an independent contractor.

"a. A-Ju Tours, Inc., supplied the equipment, tools and place of work;

"b. Ok Song Chang was paid by the hour rather than by the job;

"c. The work being done by Ok Song Chang was part of the regular business of A-Ju Tours, Inc;

"d. A-Ju Tours, Inc., had an unlimited right to end the relationship with Ok Song Chang;

"e. The work being done by Ok Song Chang was the only occupation or business of Ok Song Chang;

"f. The kind of work performed by Ok Song Chang is usually done under the direction of a supervisor rather than by a specialist working without supervision;

5

"g.  The kind of work performed by Ok Song Chang does not require specialized or professional skill;

"h.  A tour guide is not a distinct occupation or business;

"i.  The services performed by Ok Song Chang were to be performed over a long period of time;

"j.  A-Ju Tours, Inc., and Ok Song Chang acted as if they had an employer/employee relationship;

"k.  Ok Song Chang had no opportunity for profit or loss depending on her skill; and

"l.  Ok Song Chang and A-Ju Tours, Inc., believed that they were creating an employer/employee relationship.

"Some of these factors may be inapplicable.  You may give them whatever weight you believe they deserve."

The trial court rejected A-Ju's proposed instructions on offer and acceptance and the creation of an express or implied-in-fact employment contract (CACI Nos. 302, 305, 307 & 330).

The jury returned a verdict on July 20, 2010, finding that (1) Chang was an employee of A-Ju; (2) A-Ju owed Chang unpaid minimum wages in the amounts of $21,060 for 2005 and 2006, $9,093 for 2007 and $0 for 2008; (3) A-Ju did not owe Chang any unpaid overtime wages and did not deny her any rest periods or meal breaks; (4) A-Ju willfully failed to pay all wages due as of the end of Chang's employment; (5) A-Ju intentionally and knowingly failed to provide Chang with an accurate

6

accounting of her wages; (6) the $10 daily payments that Chang received from A-Ju tour customers were tips or gratuities; and (7) Chang was not forced to resign because of sex discrimination.

The nonjury phase of trial on the unfair competition count and alter ego allegations took place in July and August 2010. Chang's testimony and a stipulation by counsel indicated that she did not work for A-Ju as a tour guide during part of the time that she had testified in the jury trial that she had worked.[2] The parties submitted proposed judgments, and Chang submitted a posttrial brief requesting $30,150 in liquidated damages under Labor Code section 1194.2, subdivision (a), the same amount as her award for unpaid minimum wages. A-Ju opposed the request arguing that an award under the statute depended on factual questions that the jury had not decided and that it had acted in good faith with reasonable grounds for believing that minimum wages were not due, among other arguments. The trial court requested additional briefing on the issue after a hearing in September 2010.

The trial court stated at a hearing on October 13, 2010, that an award of liquidated damages under Labor Code section 1194.2, subdivision (a) was an issue for the court to decide and that the court had the discretion to reduce the award if it found that A-Ju acted in good faith and with reasonable grounds for believing that minimum wages were not due. The court found that A-Ju had acted in good faith and with reasonable grounds, "to some extent," and awarded one-half of the requested amount of

---

[2]    Counsel for the parties stipulated that there was no record of Chang working on any tours from April 2005 until June 5, 2006.

7

liquidated damages. Defendants filed a request for a statement of decision on October 19, 2010. The court later denied the request as untimely.

The trial court filed a judgment in favor of Chang and against A-Ju in November 2010 awarding Chang $30,150 in damages for unpaid minimum wages; $1,920 in waiting time penalties under Labor Code section 203; $4,000 in penalties for failure to provide itemized wage statements under Labor Code section 226; $15,075 in liquidated damages under Labor Code section 1194.2, subdivision (a); and prejudgment interest on the unpaid wages and liquidated damages. The judgment awarded no relief on the unfair competition count and no relief against the individual defendants.

4.      *Postjudgment Motions*

A-Ju moved for a new trial and for JNOV in December 2010. The trial court denied the new trial motion and granted in part the motion for JNOV, reducing the award of damages for unpaid minimum wages by $4,860 based on the statute of limitations. The court also decided that Chang was entitled to recover that same amount as restitution on her unfair competition count. The court entered a revised judgment on January 25, 2011, modifying the monetary awards in accordance with its ruling.

Chang moved for an attorney fee award under Labor Code sections 226, subdivision (e) and 1194, subdivision (a), seeking $456,712.50 in fees. She argued that the primary disputed issue was her status as an employee or independent contractor and that she had apportioned fees for her unsuccessful wrongful termination and alter ego claims and was not requesting fees on those claims. She also argued that her counsel represented her on a contingency fee basis and that a fee enhancement would be

8

justified, but was not requested. A-Ju opposed the motion arguing that the fee request was inflated and exorbitant in light of Chang's limited success and that the trial court therefore should award only a negligible amount or, at most, approximately 40 percent of her recovery.

The trial court concluded that Lee's requested $475 hourly rate was reasonable, but that a greater portion of the total fees should be apportioned to the claims on which Chang was unsuccessful. The court therefore reduced the requested fee award by approximately one-third and awarded Chang $300,000 in attorney fees in an order filed on April 25, 2011.

A-Ju moved for an attorney fee award under both Labor Code section 218.5 and FEHA based on its successful defense of the meal and rest period claims, the FEHA claims and other claims, seeking $61,000 in fees. The trial court concluded that A-Ju was entitled to an attorney fee award based on only its successful defense of the statutory counts for unlawful deductions from wages and unlawful taking of gratuities, and awarded A-Ju $15,250 in fees.

5.    *Appeals*

A-Ju timely appealed the judgment and the denial in part of its motion for JNOV (No. B230858). A-Ju later appealed the order awarding attorney fees (No. B232815). We consolidated the two appeals.

6.    *Extraordinary Writ Proceedings*

Lee filed a motion in the trial court seeking leave to intervene in this action and an amendment to the order awarding attorney fees to make the fees payable to Lee

9

rather than Chang. The court denied the motion. Lee filed a petition for writ of mandate in this court in August 2011 challenging the denial. We granted the petition and concluded, in a published opinion, that attorney fees awarded under Labor Code sections 1194, subdivision (a) and 226, subdivision (e) are payable to the attorney rather than the party, unless an agreement provides for a different disposition of the award. (*Henry M. Lee Law Corp. v. Superior Court* (2012) 204 Cal.App.4th 1375, 1388.) We directed the trial court to conduct further proceedings to determine the terms of the contract between Chang and Lee and reconsider its ruling on Lee's motion. (*Id.* at p. 1389.)

The trial court conducted a hearing in July 2012 to consider the terms of the attorney–client contract and reconsider its ruling on Lee's motion. The court concluded that the contract did not provide that an attorney fee award would be payable to Chang, and therefore modified the judgment by making the award of $300,000 in attorney fees payable to Lee rather than Chang.[3] A-Ju appealed the order (No. B242457).[4]

---

[3] In light of the modification of the judgment, we determined that Lee could appear as a respondent, along with Chang, in these consolidated appeals. Chang, however, has settled with A-Ju and generally joins in A-Ju's arguments on appeal. Thus, Chang has no real interest in supporting the judgment entered in her favor. Lee, on the other hand, has a significant interest in doing so. As we explain below, the viability of the attorney fee award made in his favor depends on the affirmance of the judgment as entered by the trial court.

To avoid any confusion, however, we will hereafter refer to the arguments asserted in support of the judgment as having been made by Chang, although it is actually Lee who is the real party in interest.

[4] We judicially notice the reporter's transcript of the trial court proceedings on July 6, 2012, filed in A-Ju's appeal in case No. B242457. (Evid. Code, § 452, subd. (d).)

10

A-Ju petitioned this court for a writ of supersedeas in August 2012, seeking to stay enforcement of a writ of execution issued in July 2012 in favor of Lee on the attorney fee award. We granted the petition on January 23, 2013, staying the enforcement of the writ of execution pending the finality of our decision in these consolidated appeals.

## CONTENTIONS

A-Ju contends (1) there is no substantial evidence that Chang received less than the minimum wage due; (2) the special verdict findings are inconsistent; (3) the jury reached an improper compromise verdict on Chang's minimum wage claim; (4) Chang's counsel committed attorney misconduct in closing argument; (5) the trial court erred in instructing the jury on the requirements for an employment relationship and by refusing to instruct on contract law; (6) the court erred in awarding penalties under Labor Code sections 226, 203 and 1194.2, subdivision (a); and (7) the attorney fee award is grossly excessive and not properly apportioned.

## DISCUSSION

1. *The Evidence Does Not Support the Award of Unpaid Minimum Wages*

    a. *Standard of Review*

We review factual findings by the trier of fact under the substantial evidence standard. Substantial evidence is evidence that a rational trier of fact could find to be reasonable, credible and of solid value. We view the evidence in the light most favorable to the judgment and accept as true all evidence tending to support the judgment, including all facts that reasonably can be deduced from the evidence. We

11

must affirm the judgment if an examination of the entire record viewed in this light discloses substantial evidence to support the judgment. (*Crawford v. Southern Pacific Co.* (1935) 3 Cal.2d 427, 429; *Mealy v. B-Mobile, Inc.* (2011) 195 Cal.App.4th 1218, 1223 (*Mealy*).)

        b.     *There Is No Substantial Evidence that Chang Received Less than the Minimum Wage Due*

A-Ju contends Chang failed to prove that her income from the $10 daily payments she received from tour customers and commissions she received from the sale of tour options did not exceed the minimum wage due. But the jury found that the $10 daily payments were tips, and A-Ju has shown no error with respect to that finding.[5] We conclude that separate and apart from the $10 daily payments, Chang failed to prove that her income from commissions was less than the minimum wage due.

Labor Code section 1194, subdivision (a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Pursuant to the express language of this provision, an

---

[5]    The jury found that the $10 daily payments from tour customers were tips or gratuities rather than wages. (See Lab. Code, § 351, prohibiting employers from crediting tips toward wages due to an employee.) A-Ju does not challenge the sufficiency of the evidence supporting this finding. A-Ju contends this finding was influenced by attorney misconduct in closing argument. We conclude that A-Ju waived its claim of attorney misconduct, as discussed *post*.

12

employee is entitled to damages for unpaid minimum wages only if the employee received less than the legal minimum wage for the hours worked.

"Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." (Evid. Code, § 500.)  An employee seeking damages for unpaid minimum wages under Labor Code section 1194, subdivision (a) therefore has the burden of proving that she received less than the minimum wage due for her hours worked.  (See *Eicher v. Advanced Business Integrators, Inc.* (2007) 151 Cal.App.4th 1363, 1377 [stating that the employee has the burden of proving that he performed overtime work and was not properly compensated]; *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721, 727 [same].)

Earned commissions are considered wages and are credited toward the wages due.  (Cal. Code Regs., tit. 8, § 11090, subd. 2(O) (Wage Order No. 9).)[6]  Yet neither party presented any evidence of the amount of Chang's income from commissions.  The parties do not contend such evidence does not exist.  Chang and A-Ju's president and owner, Pyoung Sik Bahk, both testified that A-Ju maintained accounting records showing Chang's commission income.  Absent evidence of Chang's commission

---

[6]  The Industrial Welfare Commission (IWC) regulates wages, hours and working conditions through wage orders governing specific industries and occupations. (*Martinez v. Combs* (2010) 49 Cal.4th 35, 55-57.)  The wage orders, including Wage Order No. 9 applicable to the transportation industry, define "wages" to "include[] all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, *commission basis*, or other method of calculation."  (Wage Order No. 9, § 2(O), italics added.)

income, the jury could not determine whether she received less than the minimum wage due for her hours worked. We therefore conclude that there is no substantial evidence that Chang received less than the minimum wage due and no basis for an award of damages or restitution for unpaid minimum wages. Chang failed to satisfy her burden of proving that she received less than the minimum wage due for her hours worked, so she is entitled to no recovery for unpaid minimum wages.

We reject Chang's argument that her receipt of commission income constitutes an offset that must be pleaded and proved by A-Ju as an affirmative defense. The fact that an employee received less than the legal minimum wage for her hours worked is essential to a claim for unpaid minimum wages under Labor Code section 1194, subdivision (a). Pursuant to Evidence Code section 500, the employee therefore has the burden of proving that the compensation received, including any commission income, was less than the minimum wage due.

We also reject Chang's argument based on *Hernandez v. Mendoza*, *supra*, 199 Cal.App.3d 721, that A-Ju had the burden of proving that Chang's commission income equaled or exceeded the minimum wage due. *Hernandez* stated that if an employee satisfies his burden of proving that he performed overtime work for which he was not properly compensated, the employee need not present evidence showing the precise number of work hours performed. Instead, the employee need only present " 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the

14

reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate' [Citations.]" (*Id.* at p. 727, quoting *Anderson v. Mt. Clemens Pottery Co.* (1946) 328 U.S. 680 [66 S.Ct. 1187].) In other words, if the fact of damage is certain and only the amount of damage is uncertain, the employee may rely on evidence supporting a reasonable inference as to an approximate amount of damage. (*Id.* at pp. 726-727.) Contrary to Chang's argument, *Hernandez* does not support the proposition that A-Ju, as the employer, had the burden of proving that Chang's commission income equaled or exceeded the minimum wage due.

### c. *A-Ju Is Entitled to Judgment in its Favor*

A-Ju contends it is entitled to a defense judgment on the count for unpaid minimum wages because Chang failed to present sufficient evidence to demonstrate that there were unpaid minimum wages in any amount. The record reflects that Chang offered no evidence as to the commissions that she had received; thus, she was unable to show that there were unpaid minimum wages due to her. A-Ju argues that it is entitled to entry of judgment in its favor because Chang had a full and fair opportunity to present her case and failed to present sufficient evidence of unpaid minimum wages. We agree.

The reversal of a judgment with directions to enter judgment for the defendant is proper, and no new trial is warranted, if a judgment is reversed based on insufficiency of the evidence after the plaintiff has had a full and fair opportunity to present his or her

15

case.  (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 289;  *Frank v. County of Los Angeles* (2007) 149 Cal.App.4th 805, 833-834.)  Chang had a full and fair opportunity to present evidence of unpaid minimum wages, but the evidence was insufficient as a matter of law.  No new trial is warranted, and A-Ju is entitled to judgment in its favor on the count for unpaid minimum wages.

        2.     *A-Ju Waived its Claim of Attorney Misconduct*

A-Ju contends Chang's counsel committed attorney misconduct by making several statements in closing argument.  Our reversal of the judgment as to the award of unpaid minimum wages renders this contention moot as to the statements relating to Chang's commission income and hours worked.  A-Ju also argues that Chang's counsel committed misconduct in closing argument by mischaracterizing witness testimony regarding the $10 daily fee.

Chang's counsel stated in closing argument that a witness had testified that A-Ju's tour catalogues stated in Korean that the $10 daily fee requested from tour customers constituted "tips," but stated in English that the fee was a "service charge."[7] The witness, a former A-Ju tour guide, actually testified that the catalogues referred to a "service fee" and added, "Korean people consider the term 'service fee' as a tip."  A-Ju objected and moved to strike that last statement.  The court sustained the objection but did not expressly rule on the motion to strike.  The same witness later testified regarding the Korean word used in the catalogues, "Korean people consider that a tip."  A-Ju did

---

[7]     The tour catalogues were not admitted in evidence.

16

not object or move to strike that testimony and did not object to the statement by Chang's counsel in closing argument. A-Ju moved for a new trial on several grounds, including attorney misconduct arising from this statement. The trial court denied the new trial motion.

A party ordinarily cannot complain on appeal of attorney misconduct at trial unless the party timely objected to the misconduct and requested that the jury be admonished. (*Whitfield v. Roth* (1974) 10 Cal.3d 874, 891-892.) The purpose of these requirements is to allow the trial court an opportunity to remedy the misconduct and avoid the necessity of a retrial; a timely objection may prevent further misconduct, and an admonition to the jury to disregard the offending matter may eliminate the potential prejudice. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 794-795; *Horn v. Atchison T. & S. F. Ry. Co.* (1964) 61 Cal.2d 602, 610.) The failure to timely object and request an admonition waives a claim of error unless the misconduct was so prejudicial that it could not be cured by an admonition (*People v. Cunningham* (2001) 25 Cal.4th 926, 1000-1001; *Whitfield*, *supra*, 10 Cal.3d at p. 892), an objection or request for admonition would have been futile (*People v. Hill* (1998) 17 Cal.4th 800, 820) or the court promptly overruled an objection and the objecting party had no opportunity to request an admonition (*Cassim*, *supra*, at pp. 794-795). Attorney misconduct is incurable only in extreme cases. (*Horn*, *supra*, 61 Cal.2d at p. 610; see, e.g., *Simmons v. Southern Pac. Transportation Co.* (1976) 62 Cal.App.3d 341, 351-355 (*Simmons*).)

A-Ju did not object to the statement in closing argument that the tour catalogues in Korean characterized the $10 daily payments as "tips." A-Ju does not argue and the

17

record does not suggest that the challenged statement was so egregious or persistent as to support the conclusion that an admonition would have been ineffective. (*Simmons*, *supra*, 62 Cal.App.3d at p. 355.) We therefore conclude that A-Ju's failure to object and request an admonition precludes our consideration of the point on appeal. In light of our conclusion, we need not decide whether the challenged statement by Chang's counsel constituted attorney misconduct.

      3.     *Chang Is Not Entitled to a Penalty Award Under Labor Code Section 226*

The trial court awarded Chang $4,000 in penalties under Labor Code section 226 for A-Ju's failure to provide itemized wage statements, based on the jury's findings. A-Ju contends this was error because a one-year limitations period applies under Code of Civil Procedure section 340, subdivision (e), and the jury impliedly found that Chang was not an employee after July 2007. We agree.

Labor Code section 226 states that an employer must provide its employees with an itemized statement of wages, hours worked and deductions from wages semimonthly or at the time of each payment of wages. (*Id.*, subd. (a).) An employee who suffers injury as a result of an employer's knowing and intentional failure to provide itemized wage statements is entitled to recover the greater of his or her actual damages or $50 for the initial pay period of the violation and $100 for each additional pay period of the violation, "not to exceed an aggregate penalty of four thousand dollars ($4,000)," in addition to costs and attorney fees. (*Id.*, subd. (e).)

A three-year statute of limitations applies to an action for wages (Code Civ. Proc., § 338, subd. (a)), while a one-year statute of limitations applies to an action for

18

a penalty (*id.*, § 340, subd. (a)).  (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1102.)  The plain language of Labor Code section 226, subdivision (e) (quoted *ante*) states that an award in excess of the employee's actual damages constitutes a "penalty."  (See *Murphy*, *supra*, at p. 1108 [stating that the Legislature explicitly labeled the amounts payable under Lab. Code, §  226, subd. (e) a "penalty"].)  We therefore conclude that an award under Labor Code section 226, subdivision (e) in excess of actual damages constitutes a penalty, so a one-year limitations period applies under Code of Civil Procedure section 340, subdivision (a).

An employer's obligation under Labor Code section 226, subdivision (a) to provide an itemized wage statement expressly applies only to "employees" and does not apply to independent contractors.  Chang is entitled to penalties under the statute only if, within the limitations period, she was an employee of A-Ju who suffered injury as a result of A-Ju's knowing and intentional failure to provide itemized wage statements.

The special verdict form asked the jury to answer "Yes" or "No" to the questions, "Do you find that Plaintiff OK SONG CHANG was an employee of A-JU TOURS, INC.?" and, "Do you find that Defendant A-Ju TOURS, INC. intentionally and knowingly failed to provide Plaintiff OK SONG CHANG with an accurate accounting of her wages?"  The jury was not asked to decide the dates of her employment.[8]  The verdict is ambiguous in this regard.  We interpret a verdict de novo in light of the pleadings, the instructions and the evidence in an effort to resolve any

---

[8]      It apparently is undisputed that A-Ju did not timely provide Chang with itemized wage statements at any time.

19

ambiguity. (*Woodcock v. Fontana Scaffolding & Equipment Co.* (1968) 69 Cal.2d 452, 456-457; *Zagami, Inc. v. James A. Crone, Inc.* (2008) 160 Cal.App.4th 1083, 1092.)

In our view, the award of unpaid minimum wages for 2007 in an amount equivalent to approximately 30 weeks of full-time work indicates that the jury found that Chang was an employee before, but not after, the date of the Confirmation agreement, in which she expressly agreed for the first time that she was an independent contractor and not an employee.[9] We conclude that substantial evidence supports that finding, particularly in light of the instruction that the parties' understanding as to the nature of their relationship was one of the factors to consider in determining whether an employer–employee relationship existed. We therefore conclude that Chang was not an employee during the one-year limitations period before she filed her complaint in November 2008 and is entitled to no penalty under Labor Code section 226.

5. *Our Reversal of the Award of Unpaid Minimum Wages Compels the Reversal of Other Awards*

The waiting time penalties awarded under Labor Code section 203, liquidated damages under Labor Code section 1194.2, subdivision (a) and prejudgment interest all are based on the finding that A-Ju failed to pay minimum wages due. Our reversal of the judgment as to unpaid minimum wages therefore compels a reversal as to those awards as well. Similarly, the attorney fee award is based on Chang's prevailing on her

---

[9]     There were 30 workweeks plus one weekend from January 1, 2007, until July 29, 2007, the date of the Confirmation agreement. The minimum wage at the time was $7.50 per hour. The jury's award of $9,093 in unpaid minimum wages for 2007 is equivalent to 40 hours of work per week for 30.31 weeks at the rate of $7.50 per hour.

20

claim for unpaid minimum wages and her claim for a penalty under Labor Code section 226. Our reversal of the judgment as to both of those claims compels a reversal of the fee order. In light of our reversal of the judgment and the fee order, we need not address A-Ju's other contentions.

## *DISPOSITION*

The judgment against A-Ju and in favor of Chang is reversed with directions to enter a judgment awarding Chang no relief against A-Ju.  The postjudgment order awarding attorney fees against A-Ju is reversed.  The appeal from the denial of the motion for JNOV is dismissed as moot.  Each party shall pay its own costs on appeal.

### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

CROSKEY, J.

WE CONCUR:

KLEIN, P. J.

KITCHING, J.