Filed 5/16/14  Borham v. Lieberman CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MONA BORHAM et al. <br><br>     Plaintiffs and Appellants, <br><br> v. <br><br> IRENE LIEBERMAN, <br><br>     Defendant and Respondent. | A136210 <br><br> (San Francisco County <br> Super. Ct. No. CPF09510058) |

Appellants Mona Borham and Khom Sok appeal from the trial court's judgment in their action alleging that, during their employment in a hotel owned by respondent Irene Lieberman, they were not paid the minimum wage and did not receive wage statements as required by law.  Because appellants have failed to provide an adequate record on appeal, we affirm.

BACKGROUND

Because we ultimately conclude appellants' failure to provide an adequate record is fatal to their claims on appeal, it is unnecessary to provide a detailed factual summary in this case.

In 2007 and 2008, appellants Borham and Sok worked for the Monroe Hotel (the "Monroe") in part-time positions.  Pursuant to their employment contracts, appellants received lodging and meals at the Monroe, and agreed that respondent could deduct credits for such lodging and meals from appellants' wages.  The standard work week was 14.5 hours, which respondent calculated would cover the deductions allowed for room and board under state law.  Appellant Borham never received a paycheck from

1

respondent; appellant Sok only received a paycheck when she worked more than 14.5 hours, in which event she received a paycheck for those additional hours only.

Appellants filed the present action against respondent, alleging causes of action for violations of state minimum wage laws and the San Francisco Minimum Wage Ordinance (San Francisco Administrative Code, chapter 12R (SFMWO)). Among other things, appellants contended respondent improperly applied California Industrial Welfare Commission ("IWC") Order No. 5, which relates to allowable credits for lodging and meals provided to employees. (Cal. Industrial Welfare Com., Order No. 5, July 1, 2003, as amended effective Jan. 1, 2007.) Following a court trial, the trial court found respondent underpaid appellants under San Francisco's minimum wage law based on the difference between the minimum wage in the SFMWO and the maximum meal and lodging credits allowable under IWC Order No. 5. However, the trial court rejected appellants' other claims based on respondent's wage deductions for meals and based on respondent's failure to provide wage statements, and declined to award liquidated damages on the minimum wage claims.

On June 1, 2012, the trial court entered judgment awarding appellant Sok $1,126.56 in unpaid wages, plus interest and a statutory waiting time penalty; awarding appellant Borham $974.40 in unpaid wages, plus interest and a statutory waiting time penalty; and awarding appellant Borham $750 due to respondent's failure to provide access to wage records upon demand (Lab. Code, § 226, subd. (f)). The court also awarded costs and $17,500 in attorney fees, which was half the lodestar fees requested.

This appeal followed. This court dismissed the appeal in January 2013 because appellants failed to procure the record on appeal. In February 2013, this court granted appellants' motion for relief from the dismissal. Appellants subsequently procured the transcripts that were missing from the record on appeal, with the exception of the transcript for November 3, 2011, the final day of trial and the day on which respondent presented its evidence. Appellants' counsel submitted declarations to this court averring that he had been unable to obtain the transcript of that day from the court reporter. Appellants' counsel's final declaration, dated June 24, 2013, states, "I have been unable

2

to obtain preparation of a copy of the November 3, [2011] transcript from court reporter Wendy Pun. To avoid further delay, I am asking to have the record certified. If I can obtain a copy of this transcript, I will seek to supplement the record on appeal." Neither the transcript nor a settled or agreed statement of the November 3 proceedings was ever provided to this court.

DISCUSSION

"Generally, appellants in ordinary civil appeals must provide a reporter's transcript at their own expense. [Citation.] In lieu of a reporter's transcript, an appellant may submit an agreed or settled statement. [Citations.] [¶] In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. [Citations.] [¶] The reason for this follows from the cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. [Citation.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] This general principle of appellate practice is an aspect of the constitutional doctrine of reversible error. [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' [Citation.]" (*Foust v. San Jose Construction. Co., Inc.* (2011) 198 Cal.App.4th 181, 186-187 (*Foust*); see also *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.]"].)

3

Appellants contend the transcript of November 3, 2011 is unnecessary to the appeal because they raise only issues of law. We disagree.

First, appellants argue the trial court erred as a matter of law in failing, under *Anderson v. Mt. Clemens Pottery Co.* (1946) 328 U.S. 680, 687-688 (*Anderson*), to require respondent to show that wage deductions for meals were proper because respondent failed to keep records. Under *Anderson's* burden shifting approach, as applied in California, "where the employer has failed to keep records required by statute, the consequences for such failure should fall on the employer, not the employee." (*Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721, 727 (*Hernandez*).) In this situation, " 'an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.' " (*Ibid.* [quoting *Anderson*, at p. 687].) " 'The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.' " (*Hernandez*, at p. 727 [quoting *Anderson*, at pp. 687-688]; accord *Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1189; *Bell v. Farmers Ins. Exchange* (2004) 115 Cal.App.4th 715, 748.)

In the present case, appellants have not shown the trial court erred in concluding the burden did not shift to respondent. The only record evidence cited by appellants is their uncorroborated testimony that they did not receive from respondent all the meals that were deducted from their wages. The trial court was not required to accept that testimony as credible or as adequate to show the number of meals they did receive " 'as a matter of just and reasonable inference.' " (*Hernandez, supra*, 199 Cal.App.3d at p. 727.) Accordingly, appellants have not shown the trial court erred in failing to shift the burden to respondent. *Hernandez* is not to the contrary because in that case it was "undisputed" the plaintiff had worked substantial overtime hours. (*Id.* at p. 726.) Furthermore, appellants' failure to provide this court a record of the November 3, 2011 trial date is fatal to this claim on appeal because we presume that, even if the burden should have

4

shifted to respondent, respondent's evidence was sufficient to defeat appellants' claim and render any error as to burden shifting harmless. Notably, as to appellant Borham, respondent's counsel stated in his opening statement that respondent's witnesses would testify "that [Borham] not only ate her meals but she ate more than her meals, at the Monroe." Because of the incomplete state of the record, we presume respondent presented such evidence at trial as to both appellants.

Second, appellants argue the trial court erred as a matter of law under IWC Wage Order No. 5 in allowing respondent to take a deduction for all meals, "regardless whether the meals were taken or the shifts the employees worked." However, as explained above, even assuming appellants' interpretation of IWC Wage Order No. 5 is correct, appellants have not shown the trial court erred in concluding appellants failed to meet their initial burden under *Anderson*, *supra*, 328 U.S. 680, and, in any event, we presume respondent showed that appellants did receive the meals for which there were deductions.

Third, appellants argue the trial court erred as a matter of law in not awarding liquidated damages under state and local minimum wage laws. Appellants concede a claim for liquidated damages is subject to a defense: "[I]f the employer demonstrates to the satisfaction of the court that the act or omission giving rise to the action was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of any provision of the Labor Code relating to minimum wage, or an order of the commission, the court . . . may, as a matter of discretion, refuse to award liquidated damages or award any amount of liquidated damages not exceeding the amount specified in subdivision (a)." (Lab. Code, § 1194.2, subd. (b).) Appellants do not dispute that liquidated damages for violation of the SFMWO are subject to a similar good faith defense. The trial court found the good faith defense applied and exercised its discretion to refuse to award liquidated damages for the minimum wage violations. We conclude appellants' failure to provide a complete trial record is fatal to their claim of error. Notably, respondent's counsel stated in his opening that respondent communicated with city employees on this issue, respondent explained why it believed it was in compliance, and "[t]he city, knowing what the policy that was being followed by these

5

hotels was . . . never came back to the hotels and said no, you're doing it wrong. . . . And either that shows that the city's analysis was the same as ours, or certainly it shows that we were in good faith . . . ."

Fourth and finally, appellants argue the trial court erred as a matter of law in not awarding damages for respondent's failure to provide wage statements under Labor Code section 226, subdivision (a) (Section 226(a)). It is undisputed respondent did not provide wage statements where appellants did not work more than 14.5 hours in a week; in that instance, under respondent's calculations, appellants were not owed wages due to the allowed deductions for room and board. The trial court concluded wage statements were not required where all wages were offset by meal and lodging deductions. Regardless of whether that interpretation of Section 226(a) is correct, the inadequacy of the record on appeal is fatal to appellants' claim for damages. To recover damages for violation of Section 226(a), "an employee must suffer injury as a result of a knowing and intentional failure by an employer to comply with the statute." (*Price v. Starbucks Corp.* (2011) 192 Cal.App.4th 1136, 1142.)[1] We presume respondent presented evidence any violation of Section 226(a) was not knowing and intentional.

For the above reasons, the November 3, 2011 transcript is not irrelevant to appellants' claims on appeal. Appellants' failure to provide an adequate record requires that their claims be resolved against them. (*Foust*, *supra*, 198 Cal.App.4th at pp. 186-187.) We accept appellants' counsel's representations that he repeatedly but unsuccessfully attempted to get a transcript for November 3 from the court reporter. However, appellants could have sought an agreed or settled statement regarding the evidence presented on that date (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 548,

---

[1]     Labor Code section 226, subdivision (e)(1) states: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

6

fn. 5; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462); they have presented no explanation for their failure to do so. The rules of appellate review require that this court reject appellants' claims on appeal.

DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondent.


_____

SIMONS, Acting P.J.


We concur.


_____

NEEDHAM, J.


_____

BRUINIERS, J.